JONAH GREEN, PLAINTIFF IN ERROR, VS. THE STATE OF
    FLORIDA, DEFENDANT IN ERROR.

1.  In order to render a confession of guilt voluntary and ad-
    missible in evidence, the mind of the accused must at the time
    be free to act, uninfluenced by fear or hope; and that the con-
    fession was so voluntarily made, must first be clearly shown
    before the introduction of the confession in evidence.

2.  Confessions should be acted on by courts and juries with
    great caution.

3.  On a preliminary examination before a county judge an accus-
    ed was informed by the court when arraigned that it was dis-
    cretionary with him what he should plead; that if he plead not
    guilty it would be the duty of the court to see that there was
    sufficient evidence before holding him, and if he plead guilty
    he would be held; that he was not forced to say anything that
    would criminate himself, and what he did say might be used
    against him: *Held*, that a plea of guilty, made under the cir-
    cumstances stated, was properly admitted in evidence over
    the objection that it was not shown to be voluntary.

4.  The fact that an accused has entered a plea of not guilty to an
    indictment in the Circuit Court, does not debar the State from
    introducing in evidence a voluntary confession of the offense
    charged in the indictment made by the accused in the investi-
    gating court on a preliminary examination.

5.  On a charge of murder the court instructed the jury as to the
    different grades of the offense and what constituted man-
    slaughter; that they were the sole judges of the evidence and
    should determine from all of it, after full consideration, what
    were the facts in the case, and render a verdict accordingly;
    that the accused was presumed to be innocent until the State
    proved his guilt beyond a reasonable doubt, and if they had
    such a doubt they should acquit him; but if they found him
    guilty they should say so, and determine the degree of the of-
    fense: *Held*, that it was not error to follow the charge given
    with a form of verdict in the event of a conviction, without
    also submitting a form of verdict in case of acquittal, no re-
    quest being asked by the accused on the subject.

Writ of Error to the Circuit Court for Santa Rosa
County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell* for Plaintiff in Error.

*The Attorney General* for Defendant in Error.

MABRY, J.:

Plaintiff in Error was indicted for the murder of one Sallie Brown, and was convicted of the offense charged. On a writ of error from the judgment of the Circuit Court three errors are assigned: 1st. The court erred in allowing the County Judge to testify as to the plea and confession made in his court by the defendant. 2nd. The court erred in giving in its charge a form of verdict if the jury found the defendant guilty, and in not giving the form of verdict if they found him not guilty. 3rd. The court erred in overrulling defendant's motion for a new trial.

The State examined four witnesses who fully sustained the charge of murder against the accused. All four of the witnesses were present and saw the killing which was without just provocation or excuse. Intimate relations had existed between the accused and deceased for three months before the killing. On the night of the killing they were together in a house where the four witnesses examined by the State were, and the deceased went out of the back door and the accused left the house through the front door. They engaged in a quarrel on the outside of the house for a few moments and then appeared together at the front door. The accused kicked or pushed the deceased into the house and went in himself, stopping near the fire place. The deceased immediately cursed the accused and said she had had another man, naming him, and was going to keep

him. No demonstration of personal violence towards the accused by the deceased was shown other than the abusive language used by her, and this was after she had been kicked or violently pushed into the house. When the accused said she was going to keep the other man the accused drew a pistol and discharged it five times at the deceased, three of the balls penetrating her body and producing almost instant death. The four witnesses who testified for the State were in the house at the time, and with slight variation agree in their statements of what occurred.

After the examination of the four witnesses the State had sworn the County Judge of the county before whom an examination of the charge against the accused was had. He was asked what the accused said in his court. This question was objected to, "because the State had not shown it to be a voluntary confession, and because it called for the defendant's plea in the preliminary hearing after he had already plead not guilty to the indictment." Before answering the question the witness said that he first told the accused that it was discretionary with him what he should plead. If he plead not guilty, it was the duty of witness to see that there was sufficient grounds to hold him. If he plead guilty, he would be held; that he was not forced to say anything that would criminate himself, and what he did say might be used against him. The court permitted the question to be answered, and the witness stated that he read the warrant to the accused and he plead guilty. He was asked what he killed the woman for, and he said he was mad with her. On cross-examination the witness stated that he did not think from the appearance and what he knew of the accused, that he was sufficiently intelligent to know the different grades of crime of which he might be guilty for killing a person. A motion was then made to rule out the testimony of this witness on

same grounds above stated, and this motion was overruled. The accused introduced no testimony, and the verdict was for murder in the first degree.

The objections made to the testimony in the trial court were, first, it was not shown to be voluntary, and, second, because it called for the plea of the defendant in the examining court after he had interposed the plea of not guilty to the indictment. The general rule, recognized by our decisions, is that to render a confession voluntary and admissible in evidence the mind of the accused must at the time be free to act, uninfluenced by fear or hope, and before confessions of crime can be offered in evidence against an accused it must be clearly shown that they were voluntarily made. Such confessions should be acted upon by courts and juries with great caution. Simon v. State, 5 Fla. 285; Murray v. State, 25 Fla. 528, 6 South. Rep. 498; Coffee v. State, 25 Fla. 501, 6 South. Rep. 493. In the case last cited it is held that when a person charged with crime is brought before a justice of the peace or other officer for preliminary examination, it is the duty of the officer to caution the accused that any statement or confession he may make may be used against him, and to inform him of his rights in the premises. In the case of Regina v. Baldry, 2 Denison, C. C. 430, which was thoroughly considered, a police constable who arrested a man on a charge of murder, informed him of the nature of the charge and further stated to him that he need not say anything to criminate himself, and what he did say would be taken down and used as evidence against him. Thereupon a confession of the crime was made, and it was held that the confession was rightly admitted in evidence. The same, in effect, was ruled in the case of Regina v. Attwood, 5 Cox's C. C. 322.

It appears from the statement given that the County

Judge sufficiently informed the accused of his rights in the premises, and duly cautioned him that any statement or confession he should make might be used against him. This clearly would be so with a person capable of comprehending his rights. We do not understand from the statement of the County Judge in reference to the capacity of the accused to distinguish between the degrees of the offense of killing a person, that he was not capable of comprehending and fully realizing what was told him and his rights. Technical knowledge is required in some cases to distinguish the degrees of offense in the taking of life and it imputes no want of capacity to plead to the charge of murder that the accused did not know the different degrees of the offense. Our statute provides that "when the jury find the defendant guilty under an indictment for murder, they shall ascertain by their verdict the degree of unlawful homicide of which he is guilty, but if the defendant on arraignment confesses his guilt, the court shall proceed to determine the degree upon an examination of the testimony, and pass sentence accordingly." Under this statute the accused can only be punished for such degree of the offense charged against him as the testimony discloses, and this, notwithstanding a full confession of guilt. Aside from the confession of the accused as given by the County Judge, the testimony of four witnesses, without contradiction, establishes the guilt of the accused of murder in the first degree.

The other ground of objection to the testimony is without any force. The authorities cited by counsel on this ground sustain the view that when an accused first pleads guilty to a charge, and afterwards, by permission of the court, is allowed to withdraw such plea and put in the general issue, the plea of confession allowed to be withdrawn can not be put in evidence on the trial. That is not the case here. The accused never asked to

retract or withdraw what he stated before the County Judge, and his statement there being voluntary could be used against him on the trial in the Circuit Court.

It is argued in brief here that the State should not have been allowed to prove the plea of the accused before the County Judge by parol testimony, and the written plea should have been introduced. No such objection as this was made in the trial court, and, in addition, it nowhere appears that any record was ever made of defendant's plea in the County Judge's court.

The next assignment of error relates to the form of the verdict given by the court in case the jury should find the defendant guilty. It is not claimed that the court erred in the form given to the extent it went, but the ground of exception is that along with the form given in case of a verdict of guilty, the court should have stated a form in the event of an acquittal. No request was made for any additional charge or further explanation as to the form of verdict.

On looking at the charge of the court we find that the judge, after stating to the jury the different grades of the offense of murder, and what constituted manslaughter, instructed them that they were the sole judges of the evidence, and would determine for themselves, from a full consideration of the whole evidence, what the facts were in the case, and to render a verdict accordingly; that the defendant was presumed innocent until the State proved his guilt beyond a reasonable doubt, and if they had a reasonable doubt of his guilt they would find him not guilty. The court further instructed that if the jury found the accused guilty, they should say so, and determine the degree of the offense. In the event of a conviction, the form of the verdict fixing the offense was submitted. We discover no error whatever in the charge given by the court as to the form of the verdict.

The only remaining assignment of error is that the

court improperly overruled defendant's motion for a
new trial. The only ground of this motion not already
considered is that the evidence is not sufficient to sus-
tain the verdict. In the statement of facts already
given our views as to the sufficiency of the evidence to
sustain the verdict are clearly foreshadowed. We enter-
tain no doubt on this point. The testimony of the four
eye-witnesses to the killing is amply sufficient to sustain
the verdict.

The judgment must be affirmed.