BEN McNISH, SAM BUSH AND WILL POLITE, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Pleas of guilty before a committing magistrate are not admissible as voluntary confessions, where the defendants had not been warned that such pleas might be used against them, especially when the investigation was held amidst considerable excitement and under threats against their lives.

2. When a confession has been obtained through illegal influence, a subsequent similar confession can not be shown unless it clearly appear that such influence had been removed at the time such subsequent confession was made.

3. A charge that if the jury believe the defendants did not commit the crime they should acquit, should not be given as an isolated proposition. It may lead the jury to believe the defndant must prove his innocence.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the Court.

*A. J. Henry, for* Plaintiffs in Error.

*William 'B. Lamar,* Attorney-General, for the State.

COCKRELL, J.

The plaintiffs in error were jointly indicted, tried and convicted of breaking and entering a dwelling house with intent to commit a felony.

The State was permitted over the objections of the plaintiffs in error, hereafter called the defendants, to introduce in evidence the proceedings on the defendants' preliminary examination before a justice of the peace, acting as committing magistrate, wherein they had pleaded guilty, one for burglary and two as accessories thereto. It had been shown that the constable who was still in charge of these defendants had recently before promised one of them that it would be easier for him if he confessed, and an alleged confession so induced had been ruled out by the court. It had further been shown that the justice had called upon them to say whether they were guilty or not guilty, and they were not cautioned or informed that the matter of the plea might be used against them in another trial. Under the circumstances above recited the admission of these pleas was prejudicial error. The justice had no jurisdiction to try the offense charged, but merely "to ascertain whether there is good ground to hold the accused to bail." Rev. Stats. Sec. 2874.

This court has held strictly to the rule that confessions of the accused should be acted upon with *great caution,* and it must be clearly shown that when a confession has once been obtained through illegal influence, such has been removed before a subsequent confession may be received.

We have also emphasized the duty of a committing magistrate to caution the accused that any statement he may make may be used against him and to inform him of his rights in the premises. Coffee v. State, 25 Fla. 501, 6 South. Rep. 493; Jonah Green v. State, 40 Fla. 474, 24 South. Rep. 537; Anthony v. State, 44 Fla.   , 32 South. Rep. 818. See, also, Bram v. United States, 168 U. S. 532, 18 Sup. Ct. Rep. 183; Rex v. Green, 5 Carr. & P. 312; Regina ,v. Arnold, 8 Carr. & P. 621. The conditions surrounding this preliminary hearing emphasized the propriety of this rule. It was held midst considerable excitement and there is uncontradicted testimony that threats against the lives of the accused were being made, unrebuked by the officer in whose custody and under whose protection they were.

It is also assigned as error that the court gave this charge: "If you believe from the evidence that the defendants at the bar or either of them did not break or enter this building it will be your duty to acquit them or either of them that you believe did not commit the offense." While it is unquestionably the law that where the evidence proves a defendant innocent of the crime it is the duty of the jury to acquit, the charge is subject to the criticism that it may lead the jury to believe that the defendant must prove his innocence, and not that the State must prove his guilt beyond a reasonable doubt. As an isolated proposition the charge is misleading and should not be given.

We think it unnecessary to notice the other assignments, as the questions presented thereby need not arise on another trial.

Judgment reversed and a new trial awarded.