HENRY BATES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed December 17, 1919.

1.  Before admissions made by a party while under arrest, can be introduced in evidence, the court should determine the principal question of whether the admissions were free and voluntary.

2.  Whether admissions or confessions are freely and voluntarily made, is a question for the court and the duty is imposed upon it to determine this question before permitting it to go to the jury.

3. The question of whether an admission is freely and voluntarily made, is for the court to determine and it is not a matter of the opinion of the witness. The proper method is to have the witness state the circumstances under which they were made so that the court and not the witness may determine if they were free and voluntary. This investigation should be made in the absence of the jury.

4. The admissibility of a confession, where it is challenged, is a question solely for the court after hearing, in the absence of the jury, all the evidence on each side respecting the manner in which the confession was obtained.

5. After a confession has been admitted, the defendant is entitled to have the evidence in regard to the manner in which it was obtained given anew to the jury, not that the jury may pass upon its admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence; and upon his resquest the defendant is entitled to an instruction on that point.

6. If after the introduction of a confession, it appears by the subsequent testimony of the defendant that such confession was not freely and voluntarily made, the court should arrest the examination and withdraw the evidence of such confession from the jury.

7. A charge that assumes a material fact to have been proven, when there is conflict in the proof as to such fact, is erroneous.

8. A confession is an admission of guilt and not an admission of a fact or circumstance from which guilt may be inferred.

A Writ of Error to the Circuit Court for Polk County, John S. Edwards, Judge.

Judgment reversed.

*Wilson & Boswell*, for Plaintiff in Error;

43—Vol. 78

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

BROWNE, C. J.—The defendant in error, Henry Bates, was convicted of breaking and entering, with intent to commit a felony. The testimony establishes that the office of the Union Passenger Depot at Bartow was broken into; that nothing was taken out of the office; that an axe kept in the corner of the colored waiting room was missing, but the testimony does not show when it was taken but only that it was usually kept "in the corner of the colored waiting room."

The prisoner was arrested at his father's home and taken in custody by three officers. His connection with the breaking and entering was sought to be established by admissions made by him after he was under arrest. An envelope with the name of J. H. Wingate, Plant City, Fla., on it, which Mr. Wingate gave the defendant the day before, was found on the floor of the office that had been broken into. While the witness was under arrest he was interrogated about this envelope, and it is claimed he admitted that a man had given him his address on an envelope, and when it was shown to him he said it was the envelope and that he had it in his vest pocket. The other circumstances connecting the prisoner with the offense was his alleged admission that nobody went in the passenger depot office with him, and that he pulled the bolts off and that the only thing he used was an axe and a screw driver and that he put the axe in Mr. Ryal's yard.

The disposition of this case hinges upon the question of whether the admissions by the prisoner were free and voluntary, and whether or not the court erred in one of

the instructions to the jury. Without the evidence of the alleged admissions of highly incriminating facts, there was no evidence from which a verdict of guilty could have been found. The rule seems to be well settled in this and other jurisdictions that before admissions made by a party while under arrest, can be introduced in evidence, the court should determine the principal question of whether the admissions were free and voluntary. Green v. State, 40 Fla. 474, 24 South. Rep. 537; Murray v. State, 25 Fla. 528, 6 South. Rep. 498; Coffee v. State, 25 Fla. 501, 6 South. Rep. 493; People v. Loper, 159 Cal. 6, 112 Pac. Rep. 720, Ann. Cas. 1912-B, 1193; Sykes v. State, 78 Fla. —, 82 South. Rep. 778.

It is contended by the State that because the plaintiff in error did not object to the introduction of this testimony upon the ground that the admissions were not freely and voluntarily made, that this court cannot consider its non-admissibility. Whether admissions or confessions are freely and voluntarily made, is a question for the court and the duty is imposed upon it to determine this question before permitting it to go to the jury. The introduction of this testimony was objected to by defendant and sufficient gorunds were stated to call this to the court's attention. The duty then devolved upon the court to make the investigation.

The question propounded to the first witness for the State in relation to the admission, was: "Did Henry Bates, the defendant here, voluntarily and freely without any threats from you, or without any inducement held out to him, or any threats from any one, make a statement to you concerning the breaking and entering of the passenger depot here at Bartow?"

We think it well at this point to call attention to the impropriety of this and similar questions where admissions by parties under arrest are sought to be introduced in evidence. The question of whether an admission is freely and voluntarily made, is for the court to determine and it is not a matter of the opinion of the witness. The proper method is to have the witness state the circumstances under which they were made so that the court and not the witness may determine if they were free and voluntary. This investigation should be made in the absence of the jury.

The rule in most jurisdictions is that "The admissibility of a confession, where it is challenged, is a question solely for the court after hearing, in the absence of the jury, all the evidence on each side respecting the manner in which the confession was obtained; and the court is necessarily vested with a large discretion in determining the matter, a discretion, however, which should be exercised with great care, to the end that the due and proper enforcement of the law on the one hand be not impeded, and that no injustice be done the defendant on the other. * * * After a confession has been admitted, the defendant is entitled to have the evidence in regard to the manner in which it was obtained given anew to the jury, not that the jury may pass upon its admissibility, but for the purpose of enabling them to judge what weight and value should be given to it as evidence; and upon his request the defendant is entitled to an instruction on that point." Berry v. State, 4 Okl. Cr. 202, 111 Pac. Rep. 676, 31 L. R. A. (N. S.) 849; 1 R. C. L. pp. 579, 580.

In the case of Harrold v. Oklahoma, 169 Fed. Rep. 47, the court said: "Was it error for the trial court to permit the introduction before the jury in the prosecutor's

case of the testimony upon the question whether or not the confession was free and voluntary? It was not the province of the jury to consider or determine that issue. It was the duty of the court alone to hear and decide it. The burden was upon the prosecutor to prove to the court that the confession was voluntary, that it was not influenced by compulsion, hope, fear, or other inducement of any sort, and, if the evidence failed to establish that fact beyond a reasonable doubt, it was the duty of the court to reject the confession. Bram v. United States, 168 U. S. 532, 555, 565, 18 Sup. Ct. 183, 42 L. Ed. 568; Reg. v. Warringham, 2 Den. C. C. 447n; Reg. v. Thompson, 2 Q. B. 12. Every accused person has the right to the exclusion of his confession until this proof and decision are made. It is clear that the proof upon the question whether the confession is voluntary or involuntary, which generally consists of the examination and cross-examination of witnesses, cannot be presented without detailing much of the substance and some of the contents of the confession, or, if the confession is in fact incompetent, without the practical introduction of the incompetent confession in evidence before the jury in order to determine its incompetency. This was done in the case at hand. Such a practice is nothing but a farcical evasion of the rule of evidence and of the constitutional guaranty which exclude an involuntary confession. A decision that such a confession is incompetent and inadmissible is of little avail to a defendant after officers of the law have testified to the method of its procurement and to much of its contents, and the only rational way to protect and enforce the rights of the accused is to exclude from the jury all the evidence relative to the competency of the

confession, at least until the court has found it competent."

The record shows that the admissibility of the admissions was challenged by the defendant, and that the court instead of examining into that question in the absence of the jury, overruled the objection and permitted the conversations and admissions to go to the jury. Apart from the impropriety of such proceedings we are not satisfied that the admissions were freely and voluntarily made.

Williams, the Marshall of Bartow, testified in part as follows: "We walked on up with Henry Bates to the freight depot and the three of us were standing with him and Mr. Rhodes asked him what did he do with the axe he had taken away from the Union Station. His answer was at first, he didn't have it. Mr. Rhodes talked with him—I don't remember the exact words—but he talked with him awhile and then Henry said if I have got to tell you, it is out here at the turn of the road as you go towards Lakeland, and I said, at which house? And he said, the man who runs the meat market and I says, Mr. Ryals? and he says, yes, and I says, who went in there with you? and he said, nobody. He says, how did you manage to get the hinges off? and he said he pulled the bolts off, and I asked him if he used anything else besides the axe and screw driver, and he said that was all, and I went to Mr. Ryals' next morning and got the axe and delievered it to Mr. Parramore."

The words with which the prisoner prefaced his admissions are significant, *"If I have got to tell you."* They clearly show that the impression had been created in the prisoner's mind that he was under compulsion to tell. On his examination in chief, Rhodes was asked whether

the prisoner made any statement to him concerning the breaking and entering of the passenger depot. Before answering, he was examined by counsel for defendant and he testified that the prisoner was under arrest, and was in the custody of three officers when he made the statements. He was then asked, "Did you warn him that any statement he might make might be used against him?" And the witness answered, "I told him we had evidence enough to convict him, and he might as well come clean." Subsequently this witness on interrogation by the State's Attorney says that the statement of the prisoner with regard to the envelope was made before the witness told him that "we had evidence enough to convict him, and he might as well come clean." This discrepancy raises a doubt whether this statement about the envelope was made freely and voluntarily, and it does not appear that the court investigated the matter or ruled on this point. There is no denial, however, that the alleged admissions by the prisoner about where the axe was; that he had broken into the safe; that no one went in with him; that he pulled the bolts off, and did not use anything else besides the axe and screw driver, were made after the officer told him they "had evidence enough to convict him, and he might as well come clean." After the introduction of this testimony over the objection of the defendant, he moved to strike it, and his motion was denied. The rule laid down by this court is Green v. State, 40 Fla. 474, 24 South. Rep. 537, and approved in the case of Thomas v. State, 58 Fla. 122, 51 South. Rep. 410, is, "If, after the introduction of a confession, it appears by the subsequent testimony of the defendant that such confession was not freely and voluntarily made, the Court should arrest the examination and withdraw the evidence of such con-

fession from the jury." We cannot say there was suffi-
cient testimony upon which to base a verdict of guilty
without these alleged admissions, and the refusal to
grant the defendant's motion to withdraw it from the
jury was harmful and reversible error.

We next consider the fifth assignment of error which
attacks this instruction: "Certain parts of the confession
have been allowed to go into the evidence. I charge you
that in weighing the evidence you must take a confession
with care and weigh it very carefully in your considera-
tion of the testimony."

Every admission or confession said to have been made
by the defendant was denied by him, and it was a ma-
terial fact for the jury to determine whether or not there
had been a confession or an admission of facts or cir-
cumstances' pointing to his guilt. In the instruction com-
plained of the Court assumed that this material fact had
been proven. The rule laid down by this court is that
"A charge that assumes a material fact to have been
proven, when there is conflict in the proof as to such
fact, is erroneous." Melbourne v. State, 51 Fla. 69, 40
South. Rep. 189; Johnson v. State, 51 Fla. 44, 40 South.
Rep. 678.

A confession is an admission of guilt and not an ad-
mission of a fact or circumstance from which guilt may
be inferred. State v. Red, 53 Iowa 69, 4 N. W. Rep. 831;
Taylor v. State, 37 Neb. 788, 56 N. W. Rep. 623; State v.
Royce, 38 Wash. 111, 80 Pac. Rep. 268; Ammons v. State,
80 Miss. 592, 32 South. Rep. 9. At best the statements
said to have been made by the prisoner, were admissions
and not confessions.

The charge complained of is not only objectionable
because it assumed a material fact to have been proven

when there was a conflict in the proof, but because it raised the alleged statement of the defendant, from an acknowledgement of facts and circumstances that might tend to establish his guilt, to the dignity of a confession which is an admission of guilt.

In two places in this short charge the court told the jury that there had been "A confession"—an admission of guilt—and it did not cure the error to tell them that they must take that confession of guilt "with care and weigh it very carefully." This charge was harmful error.

The judgment is reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.