### NEAL TIPTON v. STATE.

150 So. 243.
Division B.
Opinion Filed September 18, 1933.

*H. V. McClelland* and *J. Ed. Stokes,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there

is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., and BROWN, J., dissent.

DAVIS, C. J. (dissenting).—Plaintiff in error was convicted in the Circuit Court of Gulf County of being accessory after the fact to murder in the second degree. His sentence was to five years imprisonment in State Prison.

On the writ of error sued out to reverse the judgment of conviction, it is here earnestly argued and contended that the trial judge erroneously admitted in evidence at the trial certain confessions of the defendant in violation of the principles concerning admissibility of confessions in evidence, laid down by this Court in Nickels v. State, 90 Fla. 659, 106 Sou. Rep. 479, wherein this Court said:

"The admissibility of an extra-judicial confession is to be determined solely by the trial judge, *in the absence of the jury,* as a mixed question of law and fact, from a preliminary consideration of the evidence offered by either party bearing upon the circumstances under which the confession was made." (Italics ours.)

The transcript discloses that the plaintiff in error's conviction was secured largely on alleged confessions of the defendant allowed to go to the jury by the trial judge over defendant's objection, without his making any investigation whatsoever *in the absence of the jury,* concerning the admissibility of the confessions put in evidence; therefore, I think that the judgment of conviction should be reversed and a new trial awarded.

The question involved in this case was first deliberately decided by this Court in the case of Bates v. State, 78 Fla.

672, 84 Sou. Rep. 373, where the Supreme Court of Florida, speaking through Mr. Chief Justice Brown, said:

"The burden was upon the prosecutor to prove to the court that the confession was voluntary, that it was not influenced by compulsion, hope, fear, or other inducement of any sort, and, if the evidence failed to establish that fact beyond a reasonable doubt, it was the duty of the court to reject the confession. Bram v. United States, 168 U. S. 532, 555, 565, 18 Sup. Ct. 183, 42 L. Ed. 568; Reg. v. Warrington, 2 Den. C. C. 447-n; Reg. v. Thompson, 2 Q. B. 12. Every accused person has the right to the exclusion of his confession until this proof and decision are made. It is clear that the proof upon the question whether the confession is voluntary or involuntary, which generally consists of the examination and cross-examination of witnesses, cannot be presented, without detailing much of the substance and some of the contents of the confession, or, if the confession is in fact incompetent, without the practical introduction of the incompetent confession in evidence before the jury in order to determine its incompetency. This was done in the case at hand. Such a practice is nothing but a farcical evasion of the rule of evidence and of the constitutional guaranty which exclude an involuntary confession. A decision that such a confession is incompetent and inadmissible is of little avail to a defendant after officers of the law have testified to the method of its procurement and to much of its contents, and the only rational way to protect and enforce the rights of the accused is to exclude from the jury all the evidence relative to the competency of the confession, at least until the court has found it competent.

"The record shows that the admissibility of the admissions was challenged by the defendant, and that the

court instead of examining into that question in the absence of the jury, overruled the objection and permitted the conversations and admissions to go to the jury."

As will be noted from the published official report of that case the introduction of an alleged confession of the accused was objected to in general terms. And this Court, in reversing the conviction in that case, definitely held, without equivocation or uncertainty as to either the scope or the extent of the rule, that "the duty devolved upon the court" to make an investigation of the nature of the alleged confession, *in the absence of the jury,* and termed any other course of procedure as "nothing but a farcical evasion of the rule of evidence and of the constitutional guaranty which exclude an involuntary confession."

I am frank to say that I cannot accept as a proper application of the "harmless error" rule any holding which brushes aside what this Court has said is a deprivation of a *constitutional guaranty,* by treating the violation of that guaranty as harmless error, as is done in this case.

Nor to my mind is it of any importance to say that it is the demand of the times that the rights of society to have criminals convicted be treated by the judiciary as of greater concern than the preservation of the sacred rights of an accused as secured by the Constitution.

Such a dogma is but the repetition, in modernistic form, of the ancient philosophy of the English Judge, Jeffreys, who, at his "bloody assizes,' is said to have convicted and condemned to death some three hundred persons, from whom confessions were extorted with his permission in open court, because of a supposed *"lex suprema"* that he thought demanded a suspension by him of the rights conferred by the then existing English law prohibiting such practice.

While I am convinced that the learned trial judge in this case conscientiously ruled as he did on this proposition, in the belief that such ruling was a proper one to be made in the course of preserving to the defendant on trial his constitutional rights, yet the fact remains that the ruling objected to on this writ of error, is diametrically opposed to at least two long-standing decisions of this Court holding to the contrary of what has been ruled to be the law. And so long as this Court refuses to overrule in positive terms its prior decisions on the point here involved, I see no alternative but to reverse the conviction and award a new trial, regardless of what the record may appear to show as to the positiveness of the defendant's established guilt.

To say that such fundamental violation of the settled holdings of this Court relating to the proper procedure for admitting in evidence alleged confessions of a man charged with murder, is to be excused and the judgment affirmed, on the theory that the error was incapable of harming a guilty man, is to break down every vestige of orderly procedure and convert our courts into tribunals of men rather than tribunals of law.

My view of the law is that only a conviction for crime arrived at in accordance with the prevailing rules of law and orderly procedure can be properly affirmed by an appellate court.

I therefore with due deference to those who differ with me in the views I entertain, must respectfully dissent from affirming the judgment in this case.