54 So.2d 651 (1951)
HEARN et al.
v.
STATE.
Supreme Court of Florida, Special Division A.
October 23, 1951.
Wm. W. Flournoy, De Funiak Springs, for appellants.
Richard W. Ervin, Atty. Gen. and Wm. A. O'Bryan, Asst. Atty. Gen., for appellee.
JOHN DICKINSON, Associate Justice.
This is an appeal by three defendants from a conviction in the Circuit Court of Walton County for the larceny of one cow, the property of one M.M. Adkinson.
The only question raised and involved is whether the lower court erred in admitting a confession of the defendants. If the confession was properly admitted into evidence by the lower court, then the conviction should stand.
The lower court excluded the jury while hearing the testimony of the officer who took the confession and who was a witness thereto as to the circumstances surrounding the signing of the separate confessions of the three defendants. The defendants' counsel cross-examined this officer out of the presence of the jury at this stage of the proceeding. Thereupon and without any further objection by the defendants or any offer by their counsel to place them or any of them on the stand to testify as to their version of how the confessions were obtained, the lower court recalled the jury and proceeded to let the jury hear the confessions. At this latter point the defendants, through counsel, objected to the further proceedings in the trial until the court had determined the admissibility of the confessions, but not even then did they request the further withdrawal of the jury, or offer to testify as to how the confessions were signed or the circumstances under which they were obtained. This objection was overruled and the trial proceeded, thus giving rise to this assignment of error.
The defendants never took the stand at any time during the course of the trial, either when the jury was excluded or when the jury was hearing the case, to explain *652 the confessions or to testify on their behalf as to either the merits of the case or as to the voluntariness or non-voluntariness of their confessions.
The defendants insist that this case is governed by the case of Bates v. State, 78 Fla. 672, 84 So. 373, which case outlined the procedure a trial court must follow before a confession is admissible. The lower court followed the general procedure outlined therein by excluding the jury while questioning the officer who took the confessions and who was a witness thereto, thus in effect determining that the confessions had been voluntarily given. At this point it was incumbent upon the defendants, if they intended to controvert the State's version of the confessions, to either testify or offer to testify as to their version, thus giving the court an issue to determine as to whether or not the confessions were voluntarily obtained so that the court would then have an opportunity to determine its admissibility.
The purpose of the procedure of excluding a jury while determining the admissibility of a confession was and is to prevent a jury from being prejudiced against an accused in the event it develops that a confession was not voluntarily obtained, thus causing the court to have to grant a mistrial.
If at any time during the trial the court is convinced that a confession is not voluntarily given, either by the testimony of the officer or of the defendants themselves, or the testimony of any other witnesses thereto, it would have been the duty of the court to instruct the jury to disregard the same, or if he should determine that the admission of the same was so prejudicial to the defendants as to prevent them from getting a fair trial, then to declare a mistrial of the case.
On the contrary, in this case, no such evidence or testimony ever appeared or was ever offered. The defendants had ample opportunity to and did cross-examine the officer as to the circumstances under which the confession was given, and they themselves never did offer to explain their version of the confessions, hence a presumption arises that the confessions were voluntarily given.
Thus it appears that the lower court in proceeding with the trial of this case had in effect determined from the evidence offered him outside the presence of the jury that the confessions were admissible.
Since the lower court substantially complied with the procedure outlined in the case of Bates v. State, supra, no error appears to have substantially affected the rights of the accused and the judgment of the lower court is therefore affirmed.
TERRELL, Acting Chief Justice, and ADAMS and ROBERTS, JJ., concur.