91 So.2d 662 (1956)
Marcy GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. Special Division B.
November 7, 1956.
Rehearing Denied December 7, 1956.
*663 William O. O'Donnell, Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
In this case the issues were formed by a plea of not guilty to an information containing six counts in which the appellant was charged with as many violations of the law denouncing lottery operations. The trial judge upon motion of the appellant directed a verdict of not guilty of the offense alleged in the fifth count; the jury found the appellant guilty as charged in the first and fourth counts; and the appellant was sentenced to serve a term in the state penitentiary.
With this preface we go direct to the first question posed by the appellant, i.e. the propriety of the judge's rulings with reference to a confession. In the progress of the trial, the county solicitor indicated to the court that he proposed to offer testimony in the nature of a confession whereupon the court told the jurors that they would be excused and they retired from the courtroom.
The solicitor then propounded to the chief of police some preliminary questions with reference to the place where the witness and another police officer had talked with the appellant about the appellant's connection with lotteries. Next followed three questions by the solicitor and three answers by the witness relative to the circumstances surrounding the conversation between the officers on the one hand and appellant on the other. They follow: "Q. Prior to that time did either you or Detective Goode threaten the defendant? A. No, sir. Q. Did you promise him anything if he would make a statement? A. No, sir. Q. Did you offer any hope of reward or inducement if he made a statement? A. No."
The witness then related the questions he asked the appellant and the replies given about the appellant's participation in lotteries. According to the witness the appellant responded freely about picking up bolita tickets, and so on, for a period of many years.
The appellant in his question asks "Whether or not it was error for the trial court, over objection, to allow the alleged admission or confession of the appellant to go before the jury, before first hearing, in the absence of the jury, all the evidence on each side respecting the manner in which the confession or admission was obtained, and leaving to the province of the jury the question of whether or not the confession or admission was free and voluntary."
If the circumstances implied in the question were present, we would be inclined to reverse because the procedure followed did not harmonize with our decisions on the proper method of admitting confessions. Parenthetically, we are not aware of the need to enter into a discussion of any distinction that may exist between the treatment of confessions and admissions.
By Sec. 12 of the Declaration of Rights of the Constitution of Florida, F.S.A., and the Fifth Amendment of the Constitution of the United States, it is guaranteed that "No person shall be * * * compelled in any criminal case to be a witness against himself * * *." Testimony by a defendant against himself in a criminal case is, in effect, accomplished when his confession is introduced at his trial. But he can waive the right by a free and voluntary disclosure of guilt. Williams v. State, 156 Fla. 300, 306, 22 So.2d 821.
We have detailed how such testimony may be admitted. The judge is vested with the discretion, which he must exercise *664 with great care, of determining the question whether or not the confession was freely and voluntarily given and his inquiry must be conducted in the absence of the jury. It is his duty to hear all evidence offered by the state and the defendant relative to the manner in which the confession was obtained. Of course, if he decides that the confession was coerced, that ends the matter; if he decides that it was free and voluntary and therefore admissible, the defendant has the right to have the testimony repeated before the jury, not that they may pass on its admissibility, but that the jury may consider the surrounding circumstances in determining what weight should be given it. Bates v. State, 78 Fla. 672, 84 So. 373; Hearn v. State, Fla., 54 So.2d 651.
In tracing the steps taken in the trial of the appellant we found that the prosecuting officer quite properly gave warning that he was going into the subject of a confession, and that the judge promptly excused the jury.
But we do not find support for the implication that despite appellant's protest, the court allowed the jury to hear of the confession after he had considered only part of the testimony that could have been offered with respect to the manner in which the confession was obtained.
Following the testimony to which we have alluded, the appellant's attorney interrogated the chief of police about causing the appellant to be brought to police headquarters, and about his being in custody at the time he was examined by the chief of police. At this point the court announced that it did not "appear there was any threats made, so you can bring in the jury." The appellant claims that the judge "interrupted" him and made the announcement. It is not shown in the record that the appellant's attorney had indicated that he had concluded his cross-examination, nor is it clear that he had not. He offered no objection; he made no statement that he wished to further examine the witness.
At this point the attorney for the appellant said to the court "I wonder if I can have the defendant testify as to what the transaction was?" He elaborated on this statement by saying: "My objection to it is that if any of these statements were made, they were made during the time the defendant was unlawfully detained" because the appellant had been taken to the police station when he was free on bond, without further warrant, and was, therefore, unlawfully detained.
Making a confession while in custody is a circumstance that may be considered in judging the freeness and voluntariness of the confession but it is by no means determinative of the matter. Kearson v. State, 123 Fla. 324, 166 So. 832; Phillips v. State, 88 Fla. 117, 101 So. 204. So the only effort on the part of appellant's counsel to present testimony showing the appellant's confession to have been involuntary was made in support of the theory that the appellant was in custody, unlawfully, since he had been asked to accompany a police officer to headquarters, and did, while he was at liberty on bond, and that this alone rendered the confession coercive. That this was not the absolute result is clear from the cases just cited and, moreover, the very situation had been fully developed by appellant's counsel himself on cross-examination of the chief of police, while the jury was absent.
The situation is not altered by the pronouncement of the judge, immediately following the statement of appellant's lawyer we have quoted, that the chief had testified he "didn't threaten him or promise him anything and I think it is for the Jury to decide." Although the matter was one for the decision of the judge and not the jury, this inaccuracy, when considered with what preceded the statement, seems inconsequential.
So reverting to the question, the record does not substantiate the assertion that the judge permitted the jury, over *665 objection, of the appellant, to hear the confession without first hearing all the evidence on both sides, and that he delegated to the jury the decision on the question of admissibility.
Appellant's second question has been studied and it is decided to be without merit.
The third question on its face places no obligation on this court either to study or decide it. It is, to quote it from the brief: "Whether or not the lower court was in error in failing to grant appellant's motion for a new trial." This question fails utterly to comply with the rule that the brief shall contain a "clear and concise statement" of the point involved. Supreme Court Rule 36, subd. 6(c), 31 F.S.A., effective 15 March 1955. Such a question is entirely too general. Under the former rule, Supreme Court Rule 20, effective 1 April 1942, the prime or controlling question was required to be stated as "concisely" as possible and the question or questions of law to be made "clearly" to appear. There is not enough difference in the phraseology of the two rules to render inappropriate our decisions on the earlier one. In Susman v. Pockrus, Fla., 40 So.2d 223, the question submitted and held defective was as follows: "`Did the court err in overruling the motion of the appellant * * to dismiss the * * * bill of Complaint.'" In Rollins v. Rollins, 155 Fla. 83, 19 So.2d 562, 563, we held that the question, in the form of a statement: "`The court erred in entering the final decree * * *'" did not merit an answer because to answer would require "a search of every conceivable phase of the litigation."
In the present case the appellant's counsel made an oral motion for new trial based upon twelve grounds of supposed error. To decide the question posed would require an examination of all these grounds, except the ones already discussed in dealing with specific questions, in a search for error, and this we are not obliged to do.
We have not been convinced of any reason to upset the judgment so it is 
Affirmed.
DREW, C.J., and TERRELL and ROBERTS, JJ., concur.