SHANNON, Chief Judge.
In a joint jury trial, Defendant Richard Kraft was convicted of grand larceny and sentenced to a term of six months to five years in the state prison; and Defendant Thomas Kraft was convicted of petit larceny and placed on probation by the trial court judge.
The defendants, who are brothers, apparently were arrested sometime on the night of March 7-8, 1961, and charged with night prowling. Thomas Kraft, aged 18 at the time of the arrest, was questioned by Detective Sergeant Brock of the St. Petersburg Police Department, during the midmorning of March 8, 1961, and Richard, aged 22, was questioned around noon of the same day by the same officer. According to Brock’s testimony, Thomas Kraft was questioned for a “very few minutes” and was advised that he did not have to make a statement but that if he did it would be appreciated if the truth were told. The officer further testified that Thomas did not request an attorney; that he was promised no *864 immunity; and that he freely and voluntarily answered questions asked him. Thomas was later requested to reduce his statement to writing but he declined to sign the transcribed statement until he talked to an attorney. Officer Brock said that he asked another officer to allow Thomas to use the telephone, btit he did not know whether or not Thomas was taken to a telephone.
Sergeant Brock also questioned Richard Kraft and testified that he neither threatened nor did he offer Richard any reward for making a statement. Richard requested an attorney and Brock asked if he had done nothing why did he want an attorney. Brock said that he then told Richard Kraft that he could call as many attorneys as he wanted and that he did not have to make any statement. Richard began to cry at that point and said he wanted to tell the truth. This period of questioning lasted about 45 minutes, according to Brock. Later in the afternoon Richard was questioned again and gave a written statement which he refused to sign.
Before the defendants’ confessions were allowed in evidence, the jury was excused while the trial judge listened to the officer’s testimony on both direct and cross-examination. The defendants did not testify or request to testify at this time as to their version of the transaction. The trial judge, having satisfied himself that the statements were given freely and voluntarily, admitted them into evidence.
We feel constrained, at this point, to comment on the state of the record-on-appeal in this case. It is argued in defendants’ brief that there was a failure here to promptly take the defendants before a magistrate, in contravention of Sec. 901.23, Fla.Stat., F.S.A. As alluded to above, the record herein contains only the testimony of Sergeant Brock. This is because, in their directions to the clerk of the lower court, the defendants requested that only this portion of testimony be included. We are unable to determine from the record whether there was any other testimony. Sergeant Brock stated that he was not the arresting officer and had no personal knowledge of the time of the arrests or the events that transpired prior to the time he first saw the defendants at about eight o’clock on March 8, 1961. Since the record does not disclose when the defendants were taken before a magistrate, the presumption is that the requirements of the statute were followed and, therefore, on this ground we cannot say that the confessions were erroneously admitted into evidence. Rollins v. State, Fla. 1949, 41 So.2d 885.
The points on which the defendants rely -for reversal are as follows:
1. The court erred in admitting into evidence the confessions of both defendants inasmuch as they had not been freely and voluntarily given.
2. The court erred 'in allowing the officer to relate that part of each defendant’s confession implicating his co-defendant, due to the ease with which all reference to each co-defendant could have been deleted, since the confessions were oral.
3. The trial court should have instructed the jury that a confession is involuntary if it is induced by hope of benefit or fear of punishment.
In order for a confession to be admissible in evidence, the defendant’s mind, at the time of the making of the confession, must be free to act uninfluenced by either hope or fear. If the circumstances surrounding the making of a confession are such as would delude the accused as to his true position or improperly influence his mind, the confession so obtained is thereby rendered involuntary and must be excluded. Brooks v. State, Fla.1960, 117 So.2d 482. In the case of Bates v. State, 1919, 79 Fla. 672, 84 So. 373, the criteria for determining the admissibility of a confession into evidence was laid down. The court there held that it is the duty of the trial court to determine whether the confession is freely and voluntarily made be *865 fore permitting it to go to the jury. In the instant case, this question was properly determined by the trial judge under the procedure outlined in the Bates case and we, therefore, conclude that no error has been made to appear in the admission into evidence of defendants’ confessions. See also, Frazier v. State, Fla.1958, 107 So.2d 16; Hearn v. State, Fla.1951, 54 So.2d 651; and, generally, 13 Fla.Jur., Evidence, Sec. 235, et seq. We likewise conclude that no error was committed in refusing the defendants’ requested instruction to the jury, to the effect that a confession is involuntary if it is induced by hope of benefit or fear of punishment, for the reason that it was completely covered by the charges of the trial court.
The witness Brock was called by the state to orally testify to the confessions made to him by the defendants. Before this testimony was admitted in the jury’s presence, the trial judge instructed the jury as follows:
“Members of the Jury, the witness is about to detail to you a conversation he had with the Defendant Thomas Kraft which was in the absence of the other Defendant, Richard Kraft. This conversation will be in the nature of a confession or statement against interests and I charge you and instruct you that such statements made in the absence of the Court should be taken and considered by the Jury with great caution. If you find that it was freely and voluntarily made you will consider it along with all the other evidence and facts of the case. If you find it was not freely and voluntarily made you will discard it altogether.
“The statement of the Defendant Thomas was made in the absence of the Defendant Richard Kraft and is to be considered by you as bearing upon the case of the State vs. Thomas Kraft, Richard Kraft not being present at that time. Such statements are not to be considered against him at all. They are not to be considered against Richard Kraft but only considered by you as far as the case against Thomas Kraft is concerned. I think that is enough for the present.”
Any prejudicial effect upon one of the defendants by the admission of the confession of the other, which statement tended to implicate the codefendant, was obviated by the above instruction. See Gagne v. State, Fla.App.1962, 138 So.2d 90; and Stoutamire v. State, 1938, 133 Fla. 757, 183 So. 316.
Since no reversible error has been made to appear, the judgments appealed are affirmed.
SMITH, J., and ODOM, ARCHIE M., Associate Judge, concur.