177 So.2d 60 (1965)
David Alton MORGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-1015.
District Court of Appeal of Florida. Third District.
June 29, 1965.
Rehearing Denied July 29, 1965.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, CARROLL and HENDRY, JJ.
*61 TILLMAN PEARSON, Judge.
The appellant was tried and convicted on four separate informations, each of which contained one count of forgery and one of uttering a forged instrument. He was found guilty by a jury, adjudicated and sentenced to ten years on each information, the sentences to run concurrently. He appeals his convictions and sentences.
Appellant's attack upon his convictions is three pronged. First, it is urged that his confession was improperly admitted because the State did not carry the burden of proving that the confession was freely and voluntarily given. Second, that he was deprived of his right to counsel because he was interrogated without having been informed of his right to counsel. Third, he urges that since defendant was charged in four separate informations, each alleging a separate act, he was entitled to 24 peremptory challenges and that the trial judge erred in granting him only seven such challenges.
The facts surrounding appellant's confession are as follows. After being arrested upon eye-witness identification, he was taken from the Dade County Jail, where he had been incarcerated upon another unrelated charge, to the Hialeah Police Department for questioning. There he made an oral confession and thereafter a written confession. Later he made an oral statement as to the location of the identification cards he had used in the perpetration of the crimes. He led the police to the location of the identification cards where they were recovered.
The State's witness, James Pafferty, a detective of the Hialeah Police Department, testified that prior to the taking of the statement he did not promise any reward or coerce the defendant. On cross examination he testified that no promise was made to drop another charge which was pending against the appellant and that the appellant did not request a lawyer. After the cross examination appellant's attorney objected to the admission of the written statement solely upon the basis that the confession was inadmissible because the defendant was not afforded counsel during the investigation. No objection upon the basis of a claimed lack of voluntariness of the confession was voiced.
It is now contended that the confession should not have been admitted because the State failed to meet its burden of showing that the confession was freely and voluntarily given. Whether admissions or confessions are freely and voluntarily made is a question for the trial court, and the duty is imposed upon it to determine this question before permitting it to go to the jury. Bates v. State, 78 Fla. 672, 84 So. 373 (1919). Where a confession or admission has been permitted to be introduced into evidence an appellate court may consider its nonadmissibility upon the ground that the confession or admission was not freely and voluntarily made if its introduction was objected to by the defendant and sufficient grounds were stated to call this to the court's attention. Bates v. State, supra.
In the present instance no action was taken to call to the court's attention the alleged nonadmissibility of the confession upon the ground of involuntariness. Therefore, appellant's first point is governed by Hearn v. State, Fla. 1951, 54 So.2d 651, where it was held that under circumstances similar to those of this case a presumption arose that the confession was voluntarily given. In the Hearn case it was pointed out that the defendants did not attempt to take advantage of the opportunity to cross examine the State's witness and introduce other testimony as to the circumstances under which the confessions were given to show that they were not voluntarily given. In the last cited case the Supreme Court re-examined the Bates opinion, supra, and held that since the lower court had substantially complied with the procedure outlined in admitting into evidence the confessions of the defendants, no error appeared. We think *62 that the same conclusion must be reached here.
Appellant's second attack is based upon his contention that he should have been afforded counsel by the State at the time of interrogation. It is not contended that the appellant sought counsel or requested that counsel be assigned to him as an indigent person. It is simply that as an afterthought he now believes that under the holding of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 977, he should have been afforded counsel. The record discloses that a police officer, who was present at the time the statements were made by the defendant, testified under oath that prior to the time the statements were given, the defendant was asked if he wanted an attorney. The defendant did not request an attorney. We hold that no error has been shown in the present instance. Cf., Crum v. State, Fla.App. 1965, 172 So.2d 24.
The third attack upon the judgment of conviction is made upon the basis of an alleged error of the trial court as to the number of peremptory challenges to which appellant was entitled. The record reveals that this question was not presented to the trial judge. At the beginning of the trial the court indicated that the State and the defendant each had six challenges. When the defendant asked for additional challenges, one additional challenge was granted; no one objected. No effort was made to exercise an additional challenge or challenges. The question we are now asked to decide was first raised after opening statements to the jury had been made. At that time the defendant moved for a mistrial on the following grounds:
"* * * first, that the defendant was not permitted to challenge, get his peremptory challenges as required under the law; number two, that the opening statement of the prosecutor was highly prejudicial, was not a statement of facts which the prosecutor will be able to prove in court but actually statements of conjecture tending to prejudice the jury."
As far as this record shows the court was never informed of the number of challenges that the appellant claimed he was entitled to, nor was any objection entered to the announcement by the trial court that he would allow seven challenges.
Affirmed.