232 So.2d 235 (1970)
Sam DODD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 69-136.
District Court of Appeal of Florida, Fourth District.
February 4, 1970.
Rehearing Denied March 20, 1970.
*236 Alton S. Beasley, Stuart, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
This is an appeal from a final judgment and sentence imposed by the Court of Record for Broward County, Florida. The case began with an information which alleged that the defendant, Sam Dodd, Jr., on 29 June 1968 committed the unlawful act of fondling a child as proscribed by Section 800.04, F.S. 1967, F.S.A. The trial by jury ended in a verdict of guilty. Upon the rendition of the verdict, the trial judge entered a judgment sentencing the defendant to a term of ten years. A motion for a new trial was denied and this appeal followed.
The issue is whether or not the trial court erred in its finding that a confession which had been elicited from the defendant was voluntarily given.
After preliminary testimony by the child and his father, the State indicated that it intended to go into the matter of the confession. The jury was then excused. The State produced only one witness to support the voluntariness of the confession, Sam George, a deputy sheriff of Broward County, Florida. He testified on direct *237 examination that on 29 June 1968 he advised the defendant of his rights and then took a statement from him. The statement, according to Officer George, was recorded on a Grey Recording Machine and later transcribed. The witness was tendered for cross-examination even though the State had not shown: (a) what advice the defendant was given as to his rights; (b) where or when the meeting between Officer George and the defendant occurred; (c) the circumstances under which the meeting occurred; and (d) the accuracy of the recording and the transcript thereof. After cross-examining Officer George, the defendant's attorney offered rebuttal testimony. Before any action was taken on this offer, both parties' attorneys agreed that the trial judge should hear the record of the defendant's statement. The trial judge was favorably disposed, and the record was played.
After the record had been played, the trial court had before it no more than the brief testimony from Officer George and the record. There was, however, no testimony of a factual nature that would indicate that the confession was voluntarily given and not the result of force, threats, or promises. Nevertheless, the trial judge announced that he was satisfied that the defendant's statement was voluntary. At this point the trial judge had not heard from a single rebuttal witness. Thereafter, with the jury still out, the trial judge permitted the defendant to present testimony in rebuttal the gist of which will be discussed later. When the defendant's rebuttal testimony was completed, the trial court heard argument from the opposing attorneys and again ruled that the defendant's statement was voluntary. This finding is the judicial act assigned as error.
A conviction which is based in whole or in part on an involuntary confession violates the defendant's right to due process of law guaranteed by the Fourteenth Amendment regardless of the truth or falsity of the confession.[1] Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Chambers v. State of Florida, 1949, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.
When the State desires to introduce a confession into evidence, it has the burden of making a prima facie showing that the confession was the voluntary act of the defendant. Reddish v. State, Fla. 1964, 167 So.2d 858; Young v. State, Fla. 1962, 140 So.2d 97. A prima facie showing is simply the quality and quantum of evidence from which an inference of voluntariness can reasonably be drawn. The voluntariness of a confession must be determined by the trial judge in the absence of the jury. Graham v. State, Fla. 1956, 91 So.2d 662; Jackson v. Denno and Young v. State, supra.
After the trial judge has heard the evidence submitted by the State in support of the confession, it is his duty to hear and consider any evidence which the defendant desires to offer with respect to the issue of voluntariness. Bates v. State, 1919, 78 Fla. 672, 84 So. 373; Graham v. State, supra. Then the trial judge must resolve conflicts in the evidence, Young v. State, supra; Moffett v. State, Fla.App. 1965, 179 So.2d 408, and make a determination on the record as to the voluntariness of the confession. Sims v. State of Georgia, 1967, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593. The trial judge is vested with discretion in the determination of the issue of voluntariness, but this discretion must be exercised with great caution, Graham v. State, supra. His determination may be reversed when not supported by competent substantial evidence, Young v. State, supra.
While it is impossible to delineate the type of evidence which will invariably sustain a conclusion of voluntariness, it *238 can be said that the determination of voluntariness must be based upon facts rather than opinions of witnesses which simply express a conclusion that a given confession was voluntarily made, Bates v. State, supra. The kind of evidence which might be useful as proof of the ultimate issue was generally outlined in Williams v. State, Fla.App. 1966, 188 So.2d 320, 328, where the court said:
"This would include statements made by the parties, the acts and doings of the participants, the conditions and general atmosphere prevailing at the time and place the confession was made * * *."
As pointed out in Williams v. State, supra, the hearing on the issue of voluntariness is designed to determine the voluntariness of the confession and not its content. For this reason the confession itself should not normally be used as proof of its voluntary character, although in the case of confessions which have been placed on a record which has an audio quality, the voice sound transmitted by the record may have some bearing on the issue of voluntariness.
Applying the foregoing principles to the present facts, we conclude that the trial judge's finding of voluntariness was not based upon competent substantial evidence. At the close of the state's evidence dealing with the issue of voluntariness, the court had before it only the testimony of Officer George to the effect that he had read to the defendant a statement of his rights and had then taken the statement from the defendant along with the record of the confession. There was no factual evidence indicating the physical condition of the defendant at the time he gave the statement, except a negative comment by Officer George that the defendant did not appear to be drunk. There was no evidence that the defendant had not been coerced by threats or promises of a reward for confession. In the absence of some such evidence, we do not believe the State carried its burden of establishing a prima facie case.
After the State concluded its predicate evidence, the defendant testified that prior to the session with Officer George and while he was in the custody of some other officers he had been threatened with physical injury, to-wit, hanging, and also had been promised that things would go easier on him if he confessed. Prior to the trial court's ultimate finding that the confession was voluntary, the State made no attempt to rebut this testimony. For this reason and because of the deficiencies in the state's predicate evidence outlined above, we hold that the trial court's finding that the confession was voluntarily given was not supported by competent substantial evidence.
When the record of the confession was subsequently played to the jury, the defendant made no objection. Thereafter when the written transcript of the confession was offered in evidence by the State, the defendant also made no substantial objection. Because of these failures to object, the State contends that the defendant waived his objection to the admissibility of the confession. This is a specious argument. The record shows that the defendant clearly objected to the sufficiency of the state's predicate for the introduction of the confession by a substantial argument to the trial judge relative to the issue of voluntariness. Having thus brought to the trial court's attention the question of the sufficiency of the evidence relative to voluntariness, the defendant did not need to renew this objection when the confession was introduced in evidence before the jury. The function of an objection is to signify to the trial court that there is an issue of law and to give notice of the terms of the issue. Wigmore On Evidence, Third Edition, page 322. The defendant's timely objection to the sufficiency of the predicate adequately served this purpose.
*239 We conclude that the trial court committed reversible error in finding that the confession was voluntary. We have reviewed the other point presented by the defendant, but do not believe that it has merit or requires discussion. The judgment and sentence appealed from are reversed and the cause is remanded for a new trial.
Reversed and remanded.
OWEN, J., concurs.
CROSS, C.J., dissents, with opinion.
CROSS, Chief Judge (dissenting):
I respectfully dissent.
Examination of the testimony reveals the defendant was advised of his constitutional rights at the time of arrest and again advised as to his rights immediately prior to the giving of the confession, and further advised during the recording of his confession as to his rights.
The testimony is further absolutely devoid of any force, threats, or coercion used against the defendant to obtain the confession. Notwithstanding any of the above, the defendant specifically requested that the recorded confession be played before the jury.
I would affirm the judgment.
NOTES
[1] For purposes of this opinion it is not necessary to concern ourselves with the technical distinction between confessions and admissions. See Bates v. State, 1919, 78 Fla. 672, 84 So. 373.