ERVIN, J.,
dissenting:
There was patent fundamental error committed in this case which warrants correction by extraordinary writ, whether sounding in certiorari or otherwise, and despite the fact that the District Court affirmed per curiam without written opinion Petitioner’s conviction of receiving stolen property.
The error (clearly apparent in the transcript of evidence) arose because the trial court did not conduct a hearing outside the presence of the trial jury on the voluntariness of inculpating statements alleged to have been made by the Petitioner to the deputy constable who arrested and detained him. The nature of the statements Petitioner made to the deputy constable amounted to a confession and were given under circumstances that required the trial judge to pass on their voluntariness outside the presence of the jury. Notwithstanding this failure to afford a prior judicial determination of voluntariness, the deputy constable was permitted to testify at trial as to Petitioner’s statements.
It appears that the per curiam affirmance of the District Court is in direct conflict with the following cases: Williams v. State, 1945, 156 Fla. 300, 22 So.2d 821; Graham v. State, Fla.1956, 91 So.2d 662; Young v. State, Fla.1962, 140 So.2d 97, and Dodd v. State, Fla.App.1970, 232 So.2d 235.
There should be no glossing over of the Petitioner’s fundamental right which has long been recognized in Florida law. A new trial appears in order.