GRIMES, Judge.
Suggs appeals his conviction for second degree murder on the ground that the jury was permitted to hear the circumstances surrounding certain statements he made to the police when these statements were later ruled to be inadmissible.
During the course of the trial, the State attempted to elicit from the chief of police the answers given to him by appellant in response to two questions. Defense counsel immediately objected to the admission of this testimony upon the grounds that the circumstances were coercive and the statements were involuntarily made. When the prosecutor observed that the arresting officer had already advised appellant of his Miranda rights, the objection was overruled without comment. The chief then *688 testified that he had asked appellant two questions and that appellant had answered these questions. Further objection was made to this line of testimony, and the court heard extensive argument of counsel for appellant and the State on its admissibility. The objection was ultimately sustained, so the State requested the right to proffer the testimony. It was only at this point that the jury was excused. Thereafter, the proffered testimony was given, and after further argument the judge adhered to his ruling that the statements were inadmissible.
Appellant contends that the foregoing procedure was not only improper but highly prejudicial, because even though the jurors did not hear the substance of the two questions and answers, from listening to what transpired there could be no doubt in their minds that appellant had given in-culpatory statements.
In Bates v. State (1919), 78 Fla. 672, 84 So. 373, the Supreme Court held that the question of whether an admission is freely and voluntarily made is for the court and that this determination should be made in the absence of the jury. In a subsequent case, the Supreme Court said:
“The purpose of the procedure of excluding a jury while determining the admissibility of a confession was and is to prevent a jury from being prejudiced against an accused in the event it develops that a confession was not voluntarily obtained, thus causing the court to have to grant a mistrial.” Hearn v. State, Fla.1951, 54 So.2d 651.
In Brown v. State, Fla.App.1st, 1965, 181 So.2d 578, the lower court held such a hearing in the presence of the jury but thereafter ruled that the defendant’s confession was admissible. On appeal, the court held that while it was a procedural error for the judge to have conducted this examination in the presence of the jury, it was not reversible error providing the judge was correct in holding the confession to be admissible.
Here, the judge ultimately concluded that the statements were inadmissible, and the State does not here contend that this was an erroneous ruling. Therefore, we are faced with a situation that a proceeding largely equivalent to a hearing on the voluntariness of appellant’s statements was held in the presence of the jury, when the statements, themselves, were later determined to be inadmissible. Appellant’s counsel should have affirmatively requested that the jury be excused during the conduct of these proceedings. Yet, in light of the emphasis our Supreme Court has placed upon conducting these matters out of the jury’s presence, we cannot say, in this instance, that such an omission obviated the necessity of keeping the jury from hearing what was going on.
While there was other substantial evidence tending to prove the appellant’s guilt, no one actually saw him stab the deceased. The proof was not so strong as to permit an affirmance upon the theory of harmless error. Our study of this record leads us to believe that appellant was sufficiently prejudiced as to warrant the granting of a new trial.
Reversed and remanded.
McNULTY, C. J., concurs.
SCHWARTZ, ALAN R., Associate Judge, dissents with opinion.