## STATE v. COMPTON.

Decided July 6, 1878.

(Absent, JOHNSON, JUDGE.)

On the 26th day of October, 1876, the grand jury, in and for the body of the county of Ritchie, attending upon the circuit court of said county, then in session, upon their oaths found an indictment for willful trespass; and the entry on the record of the finding of the indictment is as follows, viz: "An indictment against B. S. Compton for trespass." The indictment appearing in the record, and certified by the clerk as being the indictment found in the cause, is against Benjamin S. Compton, J. C. Gilman, G. Slutter, John O'Brien, Patsey Ames, Martin Ames, Martin King, Thomas Faulkner, John Tate, George Tate, Charles Gilman and Henry Keneline for willful trespass. On the 23d day of October, 1877, the defendants, by their attorney, moved the court to quash the indictment, upon the ground that there is no record of the finding of the same; and the court sustained the motion to quash, as to all the defendants except the defendant Compton, and as to him overruled the said motion. The said Compton then pleaded not guilty, on which issue was joined, and a trial was had before a jury, and the jury found and returned into Court their verdict on the issue as follows: " We the jury, find the defendant, B. S. Compton, guilty, as charged in the within indictment, and assess his fine at $10.00." The defendant moved the Court to set aside the verdict of the jury; and the court overruled the motion, and rendered judgment in favor of the State, upon the verdict of the jury, against the defendant for the fine and costs. No bill of exceptions was taken as to the ruling of the court; nor are the facts proved certified. HELD:

1. That the court did not err in quashing the indictment as to all the defendants except Compton, nor in overruling the motion to quash as to him.

2. That the court did not err in overruling the motion to set aside the verdict of the jury, nor in rendering judgment upon the verdict of the jury, against the defendant, for the fine and costs.

3. That the quashing of the indictment for the cause aforesaid did not. under the circumstances, amount to or operate to quash the indictment as to the defendant, Compton, but in fact only operated a dismissal of the indictment as to all the defendants therein named, except said Compton.

Writ of error to a judgment of the circuit court of Ritchie county, rendered on the 26th day of October, 1877, upon the verdict of a jury finding B. S. Compton guilty of an offense, of which he stood indicted in said court.

Hon. James Monroe Jackson, judge of the fifth judicial circuit, presided at the trial below.

The facts of the case are sufficiently stated in the opinion of the Court.

*R. S. Blair*, for plaintiff in error, cited the following authorities:

7 Cow. 166; *Id.* 535; 1 Murph. (N. C.) 213; Archb. Crim. Prac. (8th ed.) 320; 2 Va. Ca. 547; 6 Gratt. 665.

*Attorney General, Robert White*, for the State, cited 6 Gratt. 665; 9 W. Va. 715.

HAYMOND, JUDGE, delivered the opinion of the Court:

On the 26th day of October, 1876, the grand jury, in and for the body of the county of Ritchie, in attendance upon the circuit court of said county, then in session, upon their oaths found an indictment; and the entry on the record of the finding of the indictment is as follows, viz: "An indictment against B. S. Compton for trespass.

A true bill." The indictment appearing in the record, and certified by the clerk as being the indictment found in the cause, is against Benjamin S. Compton, J. C. Gilman, G. Slutter, John O'Brien, Patsey Ames, Martin Ames, Martin King, Thomas Faulkner, John Tate, Geo. Tate, Charles Gilman and Henry Keneline, for willful trespass.

It appears that on the 23d day of October, 1877, the defendants, by their attorney, moved the court to quash the indictment in the cause, upon the ground that there is no record of the finding of the same; and the court sustained the motion to quash, as to all the defendants, except the defendant Compton, and as to him overruled the said motion; whereupon said B. S. Compton, by his attorney, moved the court to quash said indictment, as to him, for errors appearing on the face of the indictment, and on the ground that there is no record of the finding of said indictment as to him, which motion the court also overruled; and thereupon he, said Compton, pleaded not guilty to the said indictment; and issue was thereon duly joined.

Thereupon came a jury, all good and lawful men, who being duly elected by ballot, tried and duly sworn the truth to speak upon the issue joined; and after hearing the evidence, &c., returned into court, and upon their oaths said: "We, the jury, find the defendant, B. S. Compton, guilty, as charged in the within indictment, and assess his fine at $10.00."

Afterwards, on the 26th day of October, 1877, the court made and entered this order in the cause, viz: "This day came again the attorney for the State and the defendant, by his attorney; and the motion, tendered by the defendant in this cause on a former day of this term, to set aside the verdict of the jury in this cause, rendered on a former day of this term, being considered by the court is overruled. It is therefore considered by the court, that the State recover of the defendant $10.00

fine, being the verdict of the jury aforesaid, and the costs of the State herein expended."

No bill of exceptions is filed in the case; nor is the evidence, or facts proved, certified.

To the said final judgment, rendered in the case by the said circuit court, the defendant, B. S. Compton, upon his petition and assignment of errors therein, obtained from this court a writ of error; and it is for this court now to consider and determine, upon reviewing the case, whether said judgment should be reversed or affirmed.

The errors, assigned and relied upon by the plaintiff in error, are as follows, viz: 1st. The court erred in not quashing the indictment as to B. S. Compton, because there was no indictment of record as to him *individually*. 2d. The court erred in quashing the indictment as to part of the said defendants and not quashing it as to all, because, if it was quashed as to one or more of the same defendants, it quashes it as to all. 3d. There is no offense charged in the indictment against B. F. Compton individually; but the indictment charges, that Benjamin S. Compton and the others named therein committed an offense, the character of which, as petitioner claims, is not set out.

*As to the first error assigned.*

In *Drake and Cochren's case*, 6 Gratt. 665, the grand jury found an indictment against C and D; but the clerk in making a minute of the finding accidentally omitted the name of D and it was held, according to the syllabus: "1st. That the record cannot be amended at a subsequent term of the court by inserting the name of D in the minutes: and the indictment against D must be quashed. 2d. The minute stating that the indictment is found against C., that is a sufficient record of the finding against C."

The court in its opinion, delivered by Judge Smith, says: "The court decides: 1st. That the court ought not to permit the amendment of the record, by inserting the

name of Francis P. Drake, *nunc pro tunc* as proposed in the question adjourned.     2d. That the entry upon the record is sufficient to show, that the indictment was found against Joseph Cochren.     3d. That the motion to quash ought to be overruled as to the defendant, Joseph Cochren ; and the prosecution dismissed as to the defendant Drake."

The offense, charged in the indictment in the case at bar against the several persons therein charged, is one for which, if there had been a record of the finding of the indictment as to all the persons therein charged, a part of them on trial before a jury might have been found guilty, and a part, not guilty.     Indeed one of the parties indicted might have been found guilty, and all the others found not guilty.     The case in 6 Grattan clearly determines, that, although the indictment is against two persons jointly, and the record of the finding of the indictment only shows the finding as to one person, the entry is sufficient to show, that the indictment was found against such one person.

Upon the authority of said case, in 6th Grattan the entry upon the record is sufficient to show, that the indictment was found against Benjamin S. Compton, if the entry upon the record of the finding against "B. S. Compton" is sufficient to identify the indictment against "Benjamin S. Compton."     The entry upon the record of the finding against "B. S. Compton" is manifestly an abreviation of the name of Benjamin S. Compton, by giving the initials of his christian name, and is at least *prima facie* sufficient to identify the indictment, found against Benjamin S. Compton, as being the same entered upon the record, as being found against B. S. Compton.     In other words B. S. Compton and Benjamin S. Compton may in such case be *prima facie* taken to be one and the same person for the purposes of the case. No authorities to the contrary of this view have been cited.

I apprehend, that it is only necessary, that the entry

on the record of the finding of the indictment shall be sufficient to identify with reasonable certainty the person named in the indictment, as being the person, against whom, the record shows, the indictment was found; and I think it is so in this case.

The first error assigned is therefore not well taken and is overruled.

*As to the second assignment of error.*

No defect is pointed out in the indictment itself; and I see none. The indictment on its face seems to be good and sufficient. The quashing of the indictment, as to all the defendants therein named except the said Compton, because there was no record of the finding of the indictment as to them, and overruling the motion to quash as to said Compton, did not have the effect of quashing it as to the defendant Compton. I have examined the cases of *Lambert* v. *People*, 7 Cow. 166, and *People* v. *Eckford*, 7 Cow. 535; and these cases do not sustain the proposition of the counsel of the plaintiff in error.

In these cases it was held, that the indictments were substantially defective on their face, in not showing a criminal offense; and the court, in the case last cited, stated substantially, that for this reason the indictment would be quashed, not only as to the defendants then applying, but as to all the defendants; and there was no need of a motion by any of the other defendants.

I have also examined the case of the *State* v. *Smith*, reported in 1st Murphey, N. C. (Supreme Court Reports) p. 213, and find therein nothing having any bearing on the point under consideration. The quashing of the indictment as to all the defendants therein except the defendant Compton, and overruling the motion to quash as to said Compton, was equivalent to dismissing the indictment as to all the defendants therein named, except said Compton, and the retaining of the indictment against Compton in court for trial.

108

The said second assignment of error is therefore over¬ruled.

*As to the third assignment of error.*

This assignment of error is overruled for the reasons assigned in considering the first and second assignments of error. No other errors have been assinged in this case ; and I see no error therein.

For the foregoing reasons the judgment of the circuit court of the county of Ritchie, rendered in this cause on the 26th day of October, 1877, must be affirmed, with costs to the State.

JUDGES GREEN AND MOORE CONCURRED.

JUDGMENT AFFIRMED.