AUSTIN *v.* STATE.

Crim. 4016.

Opinion delivered March 22, 1937.

*Scipio A. Jones* and *J. R. Booker,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

SMITH, J. Appellant and one Castile Rye were jointly indicted for the crime of murder in the first degree, alleged to have been committed by killing John McTigrit in an attempt to rob McTigrit. Appellant was separately tried and given a capital sentence, from which is this appeal.

It is said in appellant's brief that Rye filed a motion to quash the indictment against himself upon the ground that there were no negroes on the grand jury which re-

turned the indictment, and that this motion was sustained. It is argued that this action operated to quash the indictment against appellant upon which he was tried.

There are two answers to this insistence. The first is that the record on this appeal contains no reference whatever to the trial of Rye, and the motion for a new trial assigns no error in this particular. It may be that Rye filed such a motion, and that the court made the order stated, but the record in this case contains no reference to such proceedings. Certain it is that appellant made no such motion. It is certain also that appellant might waive this question, and he did so when he did not raise it in the court below. Section 3063, Crawford & Moses' Digest, reads as follows: "The prosecuting attorney, with the permission of the court, may, at any time before the case is finally submitted to the jury, dismiss the indictment as to all or a part of the defendants, and such dismissal shall not bar a future prosecution for the same offense."

The meaning of the section quoted is that there may be a future prosecution of the defendants as to whom the indictment was dismissed and a present prosecution of the defendants against whom the indictment was not dismissed. The statute definitely negatives the interpretation that the dismissal of an indictment as to one or more of the defendants is a dismissal as to all. In Vol. II of Wharton's Criminal Procedure, § 1316, page 1782, it is said: "Wherever an indictment is divisible as to defendants, it may be quashed as to one defendant, remaining in force as to the others. It is otherwise where, as in conspiracy, there can be no such severance."

Section 3057, Crawford & Moses' Digest, specifies the three grounds only upon which a motion to set aside an indictment can be made. The identical provisions appear in the Criminal Code of Kentucky (§ 158). It was held by the Court of Appeals of that state in the case of *Sutton* v. *Commonwealth*, 97 Ky. 308, 30 S. W. 662, (to quote a headnote) that "The dismissal of an indictment as to one of two persons jointly indicted, upon his motion, on the ground that it was not found and presented as required by the code, did not operate to dismiss it as to

the other, who waived his right to have it set aside on such ground by pleading thereto.'' See also *State* v. *Compton,* 13 W. Va. 852.

It is insisted that the testimony is insufficient to support the verdict. Testimony offered on behalf of the state was to the following effect. Two witnesses testified that they and others were engaged in a game played with dice called craps, and that appellant and Rye held up the game and robbed the players. After doing so appellant and Rye went across a creek towards Malvern Avenue. Appellant carried his pistol in his hand as they left, and within a few minutes witnesses heard five shots fired in rapid succession. Witnesses went to the scene of the shooting and found McTigrit dead.

Appellant admitted at his trial that he had fired the fatal shot, but stated that he did so to defend himself from a murderous assault committed upon him by McTigrit. It appears that McTigrit was a night watchman, and had attempted to defend himself, and in doing so had fired his pistol several times. Appellant was shot through both legs, and was carried first to the home of his mother by Rye, and was later taken to the city of Malvern. When the officers of the city of Hot Springs found the body of McTigrit, they notified officers in Malvern and other nearby towns. The Hot Springs officers were advised by officers in Malvern that they had arrested in that city a negro who had recently been shot. The Hot Springs officers went to Malvern and brought appellant, who was the man under arrest, to Hot Springs. Testimony was offered, without objection, to the effect that, on the return with appellant to Hot Springs, appellant admitted that he and Rye had held up the dice game, and that as they went across the creek going to Malvern Avenue, they saw McTigrit, and Rye said: ''Let's hold this fellow up and see what he has got.'' McTigrit flashed a light and the shooting began.

After the admission of the testimony as to this confession, which was said to have been voluntarily made, a written and signed confession was offered in evidence, to which the objection was made that it had been obtained by ''third degree'' methods. The request was not made

that the court first hear, as a preliminary matter, testimony as to the circumstances under which the confession had been made. In overruling the objection to the written confession the court said: "Now, I make this statement to the jury, that I will permit now the purported confession to be read to you. If testimony is introduced later on during the trial that convinces you it was made under coercion, or as a result of threats, or on promise of reward, then you would not consider the confession. I just make that so that you will understand what the law is relative to the confession."

It is insisted that "This statement on the part of the court was tantamount to saying that the opinion of the court was that the confession was voluntary." The written confession was not substantially different from the oral confession.

We do not think the objection urged is well taken. The practice in such cases has been frequently stated. In the late case of *Morrison* v. *State,* 191 Ark. 720, 87 S. W. (2d) 50, we quoted from the case of *Davis* v. *State,* 182 Ark. 123, 30 S. W. (2d) 830, the rule to be followed where a confession was offered in evidence as follows: The trial court should hear testimony as to the circumstances under which the alleged confession was made, and should exclude the confession if it was not voluntarily made. If the testimony is conflicting on that question, the jury should be told to disregard the alleged confession unless they found it was, in fact, voluntarily made, but if found to have been voluntarily made, to consider it in connection with all the other evidence in the case, and to give such weight and effect as it was entitled to have.

The case of *Greenwood* v. *State,* 107 Ark. 568, 156 S. W. 427, states the reason for this practice to be the prevention of prejudice to the defendant by having the jury hear testimony which the court may later declare to be incompetent. No doubt this practice would have been followed had a request to that effect been made. But no prejudice resulted to appellant because the conflicting evidence as to whether the confession was, in fact, free and voluntary was a question of fact for the jury. The court charged the jury, in express and definite language,

that the confession could not be considered for any purpose unless it was found to have been freely and voluntarily made.

We think the ruling and remarks of the judge above quoted did not indicate that the court was of opinion that the confession was free and voluntary. Its purpose appears rather to have been to admonish the jury that the confession was not to be considered as evidence unless it was shown and found to have been free and voluntary and the decision of that question was left to the jury.

We think the testimony fully sustains the finding that immediately after holding up the dice game and robbing the players appellant and Rye attempted to rob McTigrit and killed him in the attempt to do so. The judgment must, therefore, be affirmed, and it is so ordered.