181 So.2d 578 (1965)
James Donald BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. G-294.
District Court of Appeal of Florida. First District.
December 30, 1965.
As Corrected on Denial of Rehearing January 24, 1966.
Richard W. Ervin, III, Public Defender, and John D. Buchanan, Jr., Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
*579 CARROLL, DONALD K., Judge.
The appellant was convicted of the crime of robbery by the Circuit Court for Leon County and has appealed from the judgment and sentence entered by that court.
The principal question for determination in this appeal is whether the trial court committed reversible error by admitting the appellant's confession into evidence without having determined in the absence of the jury whether the confession was voluntary or involuntary.
The record shows that at the trial the State presented testimony that laid a predicate for the introduction of the appellant-defendant's extra-judicial confession, in which he acknowledged using a certain gun in the commission of the robbery. After the defendant's arrest, he made a confession, taken down on a recording machine, before a deputy sheriff, who testified that the confession, taken after he received some physical evidence from the defendant, was voluntary and given of the defendant's own free will; that the defendant was informed of the nature of the interrogation and of his right to remain silent, that he was not to be harmed, and that anything he said could be used against him in court. The prosecutor then offered the said confession in evidence, whereupon the defense counsel objected on the grounds that it was not shown that the defendant was under oath when he gave the confession nor shown that he was given an opportunity to procure counsel; that the confession was of an extra-judicial nature; and that at the said time the defendant was an infant and the confession was not made in the presence of his parents.
The trial court overruled the defense counsel's said objection and, at the defendant's request, admitted into evidence the recording of the confession. The court then allowed the defendant to testify concerning the taking of the confession, and he testified that he had confessed because police held a revolver against his head during the interrogation. The latter testimony was directly rebutted immediately thereafter by further evidence presented by the State.
So far as the trial record shows, all of the proceedings set forth in the preceding two paragraphs took place in the presence of the jury sworn to try the case. This was a procedural error in Florida, as the appellee has wisely conceded, but not, as it contends and we agree, a reversible error, for the reasons stated below.
In order that our opinion herein may with precise accuracy reflect the trial record before us, we note therein a perplexing omission: the lack of a recital definitely showing the trial court's final ruling on the defense objection to the admission of the confession. The record does show, however, that immediately after the defense counsel made that objection, the court declared that the said objection was overruled. The court had previously, at the defense counsel's request, ordered the recording of the confession to be played in court before the jury. After the recording was so played and the court had overruled the defense objection to the confession, the defense counsel told the court that he might put the defendant on the stand to testify concerning the circumstances of the confession, whereupon the court stated that it would hear such testimony and would reserve its ruling on the confession until it had heard that testimony. The defendant then testified on that subject, but the record of the subsequent proceedings at the trial fails to mention any further or final ruling on the said objection by the court, whether sustaining the objection or adhering to its original ruling overruling the objection. Apparently, all persons at the trial, including all counsel, the jurors, and perhaps even the judge himself, assumed that his original ruling overruling the said objection  in the absence of an announcement of a change in that ruling  was still in effect and still represented the view of the court. In order to reach and determine the principal question presented by *580 the appellant in this appeal (the trial court's conducting of the examination into the question of voluntariness in the presence of the jury), we shall make the same assumption in this opinion.
While the rule is different in some other jurisdictions, the rule in Florida has long been firmly established that the question of whether a confession was freely and voluntarily given by a defendant is a question for the determination of the trial court, not the jury, and that the court's investigation into this question should be made in the absence of the jury.
The leading case in Florida laying down the just-stated rule appears to be Bates v. State, 78 Fla. 672, 84 So. 373 (1919), in which the Supreme Court of Florida held:
"The rule seems to be well settled in this and other jurisdictions that, before admissions made by a party while under arrest can be introduced in evidence, the court should determine the principal question of whether the admissions were free and voluntary.
* * * * * *
"Whether admissions or confessions are freely and voluntarily made is a question for the court, and the duty is imposed upon it to determine this question before permitting it to go to the jury. The introduction of this testimony was objected to by defendant, and sufficient grounds were stated to call this to the court's attention. The duty then devolved upon the court to make the investigation."
The Supreme Court further held with reference to the trial court's said investigation:
"The question of whether an admission is freely and voluntarily made is for the court to determine, and it is not a matter of the opinion of the witness. The proper method is to have the witness state the circumstances under which they were made so that the court and not the witness may determine if they were free and voluntary. This investigation should be made in the absence of the jury."
Among the many subsequent Florida Supreme Court decisions recognizing the procedural rule set forth above from the Bates case are Harrison v. State, 149 Fla. 365, 5 So.2d 703 (1942), Williams v. State, 156 Fla. 300, 22 So.2d 821 (1945), Hearn v. State, Fla., 54 So.2d 651 (1951), Graham v. State, Fla., 91 So.2d 662 (1956), Nelson v. State, Fla., 97 So.2d 250 (1957), and Young v. State, Fla., 140 So.2d 97 (1962).
Before applying such a rule to a given state of facts, a court should consider the purpose of the rule to see whether that purpose will be fulfilled by such application. The Florida Supreme Court in one of the above-cited cases  Hearn v. State  described the purpose of the rule in question as follows:
"The purpose of the procedure of excluding a jury while determining the admissibility of a confession was and is to prevent a jury from being prejudiced against an accused in the event it develops that a confession was not voluntarily obtained, thus causing the court to have to grant a mistrial."
That purpose would not, of course, be fulfilled by applying the said rule in a case wherein the trial court holds that the confession was voluntarily obtained, for in such a case the jury could not have been prejudiced. Our reasoning in this respect closely parallels that of the Supreme Court of Arkansas in House v. State, 230 Ark. 622, 324 S.W.2d 112 (1959), which said the following:
"Several of the appellant's arguments pertain to the admissibility of the written confesssion. One contention is that the court erred in permitting the introduction of this document without first conducting a preliminary hearing in chambers to determine whether the confession was voluntary. *581 We have often said that it is the better practice for the court to conduct a preliminary hearing in the absence of the jury, Austin v. State, 193 Ark. 833, 103 S.W.2d 56; Lee v. State, 229 Ark. 354, 315 S.W.2d 916; but the reason for the rule is to avoid the possibility of the jury's being prejudiced if the court rules the confession inadmissible, and hence the accused has no basis for complaint if the confession is actually admitted in evidence. Greenwood v. State, 107 Ark. 568, 156 S.W. 427; Bullen v. State, 156 Ark. 148, 245 S.W. 493. The fact that the confession was properly admitted in evidence also answers the argument that the prosecuting attorney should not have been permitted to mention the confession in his opening statement to the jury. Mouser v. State, 216 Ark. 965, 228 S.W.2d 472."
The same result has been reached through similar reasoning in several decisions of the highest courts of other states, including those of the Supreme Court of South Carolina in State v. Harrison, 236 S.C. 246, 113 S.E.2d 783 (1960), and State v. Robinson, 238 S.C. 140, 119 S.E.2d 671 (1961).
In the case at bar the failure of the trial court to exclude the jury during the investigation of the voluntariness of the confession does not constitute reversible error for another reason  the absence of a request by the defense counsel that the jury be excused during such investigation. This conclusion is based upon the decision of the Supreme Court of Florida in Espinola v. State, 82 So.2d 601 (1955), holding that, in the absence of a request by the defendant's counsel that the jury be excused while the circumstances surrounding a confession were being explored, and on a record which supported the admissibility of the confession, the trial court's failure to excuse the jury during the court's consideration of the confession's admissibility would not invest the trial with harmful error.
The trial record before us does not show that the defense made such a request that the jury be excused, and we hold that the evidence on the question of voluntariness, while in conflict, was sufficient to support the trial court's finding and ruling, implied in its said overruling of the defense objection, that the confession was admissible as voluntarily made.
The heaviest thrust of the appellant's argument in this appeal is based upon the recent landmark case of the Supreme Court of the United States in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), in which that court, in a 5-to-4 decision, held that the New York procedure concerning the determination of the voluntariness of a confession violates the "due process of law" clause of the 14th Amendment to the United States Constitution.
Under that New York procedure the trial judge makes a preliminary examination as to the voluntariness of a confession offered by the prosecution, and excludes the confession if in no circumstances the confession can be deemed voluntary; but the trial judge leaves to the jury the ultimate determination, by way of a general verdict, of the confession's voluntary character as well as its truthfulness, if the evidence presents a fair question as to such voluntariness, as where certain facts bearing on the issue are in dispute or where reasonable men could differ over the inferences to be drawn from the undisputed facts.
The vice of this New York procedure, according to the majority of the Supreme Court in this Denno case, lies in the danger that matters pertaining to the defendant's guilt, as well as the jury's conclusion upon such issue, will infect the jury's findings of fact bearing upon the voluntariness of the confession; and also lies in the fact that a jury cannot be assumed to have reliability found a confession voluntary where it also determines the truthfulness of the confession in assessing its probative value. The majority of the court found this vice *582 to be so serious that they expressly overruled that court's earlier decision in Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953), in which the same New York procedure was approved by six members of the court, with three justices dissenting.
In discussing the "unsound assumptions" which the U.S. Supreme Court had made in its earlier decision in Stein v. People of State of New York, supra, the majority of the court in the Denno case, supra, reveals what we believe to be the heart of their new ruling in Denno, as follows:
"Under the New York procedure, the evidence given the jury inevitably injects irrelevant and impermissible considerations of truthfulness of the confession into the assessment of voluntariness. Indeed the jury is told to determine the truthfulness of the confession in assessing its probative value. As a consequence, it cannot be assumed, as the Stein Court assumed, that the jury reliably found the facts against the accused. This unsound assumption undermines Stein's authority as a precedent and its view on the constitutionality of the New York procedure. The admixture of reliability and voluntariness in the considerations of the jury would itself entitle a defendant to further proceedings in any case in which the essential facts are disputed, for we cannot determine how the jury resolved these issues and will not assume that they were reliably and properly resolved against the accused. And it is only a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant and which would permit the jury to consider the confession in adjudicating guilt or innocence.
"But we do not rest on this ground alone, for the other alternative hypothesized in Stein  that the jury found the confession involuntary and disregarded it  is equally unacceptable. Under the New York procedure, the fact of a defendant's confession is solidly implanted in the jury's mind, for it has not only heard the confession, but it has been instructed to consider and judge its voluntariness and is in position to assess whether it is true or false. If it finds the confession involuntary, does the jury  indeed, can it  then disregard the confession in accordance with its instructions? If there are lingering doubts about the sufficiency of the other evidence, does the jury unconsciously lay them to rest by resort to the confession? Will uncertainty about the sufficiency of the other evidence to prove guilt beyond a reasonable doubt actually result in acquittal when the jury knows the defendant has given a truthful confession?
"It is difficult, if not impossible, to prove that a confession which a jury has found to be involuntary has nevertheless influenced the verdict or that its finding of voluntariness, if this is the course it took, was affected by the other evidence showing the confession was true. But the New York procedure poses substantial threats to a defendant's constitutional rights to have an involuntary confession entirely disregarded and to have the coercion issue fairly and reliably determined. These hazards we cannot ignore."
In the present appeal, of course, the problem confronting us, as raised by the appellant, is to determine the impact of the United States Supreme Court's recent decision in the above Denno case upon the procedure followed in Florida in determining the voluntariness of confessions, and specifically upon the particular procedure followed in the case at bar.
According to Appendix A attached to Justice Black's opinion, dissenting in part and concurring in part, in the Denno case, supra (see 378 U.S. 368, 84 S.Ct. 1774, pages 1233 to 1239 of 1 A.L.R.3d), three different rules are followed in determining the voluntariness *583 of confessions. This study shows that Florida and 19 other states follow what is called the "Wigmore or Orthodox Rule," under which the judge hears all of the evidence and then rules on the voluntariness of the confession, and the jury considers voluntariness as it may affect the weight or credibility of the confession. Three Florida cases are cited in the said appendix as leading or illustrative cases in this state applying the said rule: Bates v. State, supra, Graham v. State, supra, and Leach v. State, 132 So.2d 329 (Fla. 1961), certiorari denied in 368 U.S. 1005, 82 S.Ct. 636, 7 L.Ed.2d 543.
The same study shows that 20 states follow the "Massachusetts or Humane Rule," which is described in the next quotation from the Denno case, and other states are cited in that study as having adhered to the New York Rule, which was involved in the Denno case, as discussed above.
In the majority opinion in the Denno case the United States Supreme Court had occasion to distinguish the impact of the procedure under the New York Rule upon a defendant's constitutional rights from the impact of the procedure under the Orthodox Rule and the Massachusetts Rule. Referring first to the New York Rule, the majority of the court said:
"This procedure has a significant impact upon the defendant's Fourteenth Amendment rights. In jurisdictions following the orthodox rule, under which the judge himself solely and finally determines the voluntariness of the confession, or those following the Massachusetts procedure, under which the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused, the judge's conclusions are clearly evident from the record since he either admits the confession into evidence if it is voluntary or rejects it if involuntary. Moreover, his findings upon disputed issues of fact are expressly stated or may be ascertainable from the record. In contrast, the New York jury returns only a general verdict upon the ultimate question of guilt or innocence. It is impossible to discover whether the jury found the confession voluntary and relied upon it, or involuntary and supposedly ignored it. Nor is there any indication of how the jury resolved disputes in the evidence concerning the critical facts underlying the coercion issue. Indeed, there is nothing to show that these matters were resolved at all, one way or the other."
While the Supreme Court in the Denno case did not directly uphold the Orthodox Rule, the court seems to have approved the Massachusetts Rule in its footnote 8, cited following the words "Massachusetts procedure" in the paragraph just quoted. In that footnote the majority declares: "Given the integrity of the preliminary proceedings before the judge, the Massachusetts procedure does not, in our opinion, pose hazards to the rights of a defendant."
In all fairness to the contention made by the appellant in the present appeal, we must admit that the Supreme Court's remaining language in the said footnote 8 indicates that, in approving the Massachusetts Rule, the court laid considerable stress upon the "integrity" of the preliminary proceedings before the judge and the fact that the judge's consideration of voluntariness was in a separate proceeding. The said language is as follows:
"While no more will be known about the views of the jury than under the New York rule, the jury does not hear all confessions where there is a fair question of voluntariness, but only those which a judge actually and independently determines to be voluntary, based upon all of the evidence. The judge's consideration of voluntariness is carried out separate and aside from issues of the reliability of the confession and the guilt or innocence of the accused and without regard to the fact the issue may again be raised before the jury *584 if decided against the defendant. The record will show the judge's conclusions in this regard and his findings upon the underlying facts may be express or ascertainable from the record."
Nevertheless, as we read the majority opinion of the United States Supreme Court in this landmark case of Jackson v. Denno, supra, we do not believe that the decision can correctly be taken as holding that the Orthodox Rule, which is recognized in Florida and many other jurisdictions, infringes upon the constitutional rights of a defendant. This conclusion accords with our recent decision in Myrick v. State, Fla.App., 177 So.2d 845 (1965), in which we expressed our view that the ruling in the Denno case was "an expression of approval by the United States Supreme Court for the procedure which has long been the rule in Florida * * *."
The procedure under the Orthodox Rule has practically none of the vices of the New York Rule as discussed in the above quotations from the Denno case. For instance, under the New York Rule the jury returns a general verdict and it is impossible to discover whether the jury found the confession to be voluntary or involuntary; while under the Orthodox Rule, as under the Massachusetts Rule, the record will show the judge's conclusions as to the voluntariness, and his findings upon disputed issues of fact concerning voluntariness are expressly stated in, or may be ascertainable from, the record. On the other hand, we think it a fair inference from the Supreme Court's said opinion that a judge, applying the Orthodox Rule, ought to conduct his examination of the voluntary nature of a confession in the absence of the jury, so that the jurors will not hear about the circumstances and contents of a confession in case the trial judge rejects the confession as involuntarily made. Such an inference would be in harmony with the rule which, we acknowledged earlier in this opinion, is firmly established in Florida  that it is a procedural error for the trial court to conduct such examination in the presence of the jury. As we also above pointed out, the rule is also well established in this state that such procedural error does not constitute a reversible error if the trial court concludes that the confession is voluntary and if the record supports such conclusion. As we said before, the latter situation prevails in the case at bar, so we hold that no reversible error was committed.
The other points raised by the appellant in this appeal have been considered and found to lack substantial merit.
Accordingly, the judgment appealed from herein must be and it is
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.