**People of the State of Illinois, Appellee, v. Lex Robert Lowe, Appellant.**

**Gen. No. 51,439.**

First District, Fourth Division.

June 23, 1967.

Steinberg, Polacek & Steinberg, of Chicago (Bradley D. Steinberg, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Edward Downes, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The defendant, Lex Robert Lowe, was indicted for robbery, tried before a jury which found him guilty,

and was sentenced to a term in the penitentiary of not less than three nor more than seven years.

The complaining witness, Helen Pryor, testified that on December 31, 1964, between 9:00 and 9:15 a. m., she was robbed of $7 by a male Negro youth. She stated that as she was descending the stairs leading to the ground level within the apartment building in which she lived, Lowe was coming up the stairs; that as they passed he grabbed her from behind, put his hand over her mouth, placed an object next to her back and said, "Don't scream, I got a knife." She stated that he then took the money from her purse, after which he began to fondle her body and told her to kiss him; that he turned her around and tried to kiss her, at which time a door opened somewhere in the building, and Lowe fled. The police were called and Lowe was subsequently arrested and identified by the complaining witness.

The complaint is made in this court that Lowe's counsel was incompetent; that disbarment proceedings were pending against him, and he was subsequently disbarred. He was the attorney the defendant selected to represent him. During the trial, after the State had concluded its direct examination of the complaining witness the Assistant State's Attorney, in the presence of the jury, made the following statement: "Mr. Reporter, will you mark these People's Exhibits No. 1 and 2 for identification respectively." The documents were marked, and the Assistant State's Attorney then said:

> "For the record, People's Exhibit No. 1 is a two page typewritten document purporting to be the testimony of this witness before the Cook County Grand Jury, and People's Exhibit No. 2 for identification is a one page typewritten document purporting to be a police report of this witness's statement. At this time the State turns over to the Defense People's Exhibits No. 1 and 2 for identification."

436

Defense counsel made no motion to strike the remarks of the Assistant State's Attorney. The defense counsel did cross-examine the complaining witness about what she told the police and the Grand Jury, and subsequently the State asked the complaining witness whether what she had testified to in court was the same as she had told the police officer, and she said it was. She also said that what she testified to in court was the same she had testified to before the Grand Jury. In his closing argument the Assistant State's Attorney made the following statement:

> "On top of that she has always told a consistent story. She told police officer Ali, she told the Grand Jury the entire story and you saw that we turned over any history that exists of what she told at those moments to the Defense and you have not yet one iota of serious impeachment out of those statements."

And in rebuttal, the Assistant State's Attorney said:

> "Now, we supplied the officer's report and the officer testified here today. The Defense called him and the officer said he talked to her on the stairs. She pointed out what had happened, where it had happened, went upstairs, he talked to her in the apartment and then he made out a report and the report that was given to the Defense yesterday was then phoned in."

No objection was made by defense counsel to this argument.

In People v. Cole, 30 Ill2d 375, 196 NE2d 691, the court held that the defendant cannot be denied access to police reports and statements with reference to the cause on trial, and cited and quoted from People v. Wolff, 19 Ill2d 318, 327, 167 NE2d 197, as follows:

" 'Accordingly, we adopt the view that where no privilege exists, and where the relevancy and competency of a statement or report has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. However, if the prosecution claims that any document ordered to be produced contains matter which does not relate to the testimony of the witness sought to be impeached, the trial judge will inspect the document and may, at his discretion, delete unrelated matters before delivery is made to the accused.' . . . The trial court should have made these reports available to defendant. Where it appears that there is evidence in the possession and control of the prosecution favorable to the defendant, a right sense of justice demands that it should be available, unless there are strong reasons otherwise. (People v. Moses, 11 Ill2d 84.) "

In People v. Beard, 67 Ill App2d 83, 214 NE2d 577, it was urged by the defendant that the jury was improperly informed of the existence of prior statements made by witnesses for the State. In that case the court said, at page 88:

"At three points in the trial the defense, out of the presence of the jury, requested the People to deliver over any statements which the State's witness may have given to the State's Attorney or to the police prior to the trial. Each time the court told the defense that such a request had to be made in the presence of the jury and overruled defendant's objections to such procedure. On each occasion the court instigated the request by asking in the presence of the jury if the defendant wanted the statements. The defendant answered that he did, and in each case moved for a mistrial. The motions for mistrial

were denied. Thereafter, the State's Attorney, in the presence of the jury, offered to stipulate to the statements . . ."

The court cited with approval People v. Wolff, 19 Ill2d 318, 167 NE2d 197. In the Beard case the error claimed was that the State's Attorney had, in the presence of the jury, turned over the statements and offered to stipulate as to their contents. The court discussed this matter and cited and quoted from Chicago City Ry. Co. v. Gregory, 221 Ill 591, 77 NE2d 1112, in which case the court in turn had cited and quoted from Scripps v. Reilly, 38 Mich 10, where it was said:

> "Everything having a tendency to prejudice or influence a jury in their deliberations which is not lawfully admissible in evidence on the trial of the cause should be, so far as possible, kept from coming to their knowledge during the trial. An impression once made upon the mind of a juror, no matter how, will have more or less influence upon him when he retires to deliberate upon the verdict to be given, and no matter how honest or conscientious he may be or how carefully he may have been instructed by the court to not permit such incompetent matter to influence him or to have any bearing in the case, it will be difficult, if not impossible, for him to separate the competent from the incompetent, or to show to what extent his impressions or convictions may be attributed to that which properly should not have been permitted to come to his knowledge."

The court further held that the ruling of the trial court that the request for the statement must be made in the presence of the jury was error; that the defendant did not have a fair trial; and the cause was reversed and remanded.

439

■ In the instant case the same rule should be applied. The State argues in this court that had the State failed to produce the documents at all, since a pretrial motion had been made asking for their production, the defendant could then claim error. However, there is nothing in that argument which requires that the State present these documents to the defendant in the presence of the jury. It is a very simple thing for either the State or the defense, when a question of this type comes into being during the course of a trial, to ask for a recess and that the jury be retired; then, that the request and argument, if any, be made in the presence of the court alone.

In the Beard case, bringing the matter before the jury was held to be reversible error. In the case at bar the error is compounded by the State's Attorney's closing argument concerning these documents. Certainly it would be rather farfetched to say that when these documents improperly are given (in the presence of the jury) to the defendant to permit him to impeach the State's witnesses, the State can argue—if the documents are not impeaching—that they should be considered by the jury as corroborating the testimony of the witnesses.

In this court the State argues that the merits of the defendant's contention cannot be considered error; that the issue was not preserved for review by objection or in the post-trial motions.

The new Code of Criminal Law and Procedure (Ill Rev Stats 1963, effective from January 1, 1964) governs the case before us. Section 121–9(a) of chapter 38 provides:

> "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court."

440

In People v. Burson, 11 Ill2d 360, 143 NE2d 239, a case decided in 1957, before the enactment of the Code of Criminal Procedure, the court said at page 370:

"We recognize that counsel for defendant did not present or argue this point; and that the general rule is that where a question is not raised or reserved in the trial court, or where, though raised in the lower court, it is not urged or argued on appeal, it will not be considered and will be deemed to have been waived. However, this is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process. 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' 3 Am Jur, sec 248, page 33; . . ."

In People v. McKinstray, 30 Ill2d 611, 198 NE2d 829, the court quoted the foregoing with approval.

█ Under the Code, we have a right to consider the errors since, in our opinion, they deprived the accused of a fair and impartial trial. A careful reading of the instant case indicates that the defendant was deprived of a fair trial, and the case must be reversed.

Many other objections are urged by the defendant. Among them objection is made that the questions put to the witnesses could cause the jury to believe that the defendant had been engaged in other similar offenses in the same neighborhood and that he had been arrested for them. Since the case is being reversed and remanded, these questions will undoubtedly not arise in the second trial.

441

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ENGLISH, P. J. and DRUCKER, J., concur.