**People of the State of Illinois, Plaintiff-Appellee, v. Leo Sanders, Defendant-Appellant.**

Gen. No. 52,606.

First District, Third Division.

May 1, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John E. Hughes, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Sullivan, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a jury trial defendant was found guilty of the crime of aggravated battery and attempt to commit murder. He was sentenced to serve a term of five to ten years on the latter offense only, that being the greater of the two.

Two points are made on appeal: (1) that the State in the presence of the jury improperly handed police reports and the transcript of testimony before the Grand Jury to defense counsel, and (2) that the court violated defendant's privilege against self-incrimination and his right to a fair trial when it ordered his counsel to give the People's attorney the typewritten statement of a

defense witness during cross-examination by the State. As the sufficiency of the evidence is not challenged, a brief statement of the facts is all that is needed.

Roger Robinson, Aretha Turner, Melvin Stroughter, Frances Miller and Annette Myers all testified in substance as follows: They, along with Emmer Jean Rogers, were together in Robinson's apartment on the night of the crime; that Sanders, the defendant, arrived at about midnight and demanded that Miss Rogers, his so-called common-law wife, come home with him; that she refused and an argument ensued. Robinson interceded and defendant argued with him until Robinson said that he was going into the kitchen. At that point defendant drew a revolver and shot Robinson in the chest.

Emmer Jean Rogers testified that when defendant arrived, there was a crap game in progress and he was asked to join. Shortly thereafter Robinson accused defendant of using loaded dice and took a revolver from under the bed. Somehow the gun discharged and she left with the defendant without seeing what had happened to Robinson. Defendant did not testify.

As to the first point, defense counsel during the trial asked for police reports and for the minutes of the testimony before the Grand Jury of two of the State's witnesses. The State's Attorney replied, in the presence of the jury, that he had none. Defense counsel then noted, also in the jury's presence, that there appeared to be some controversy and that the witness was obviously hostile to defendant. Then, outside the presence of the jury, defense counsel continued to argue that a statement had been given by the witness in question, to which he was entitled. The State's Attorney several times denied that he had such statement and said, "As a matter of courtesy, I will furnish all my police reports to counsel." The court agreed that the State should furnish defense counsel with whatever police reports it had so that if there were any statements by the wit-

ness, defense counsel could make use of them. Defense counsel made no objection and the State's Attorney handed him some documents saying, in the presence of the jury:

> "Your Honor, although counsel is not entitled to these matters at this time, in the spirit of cooperation I am furnishing the remaining grand jury testimony and all of the police reports in this case. This includes the arresting officers, the investigating officers, and any other reports we have."

Defendant contends that the effect of this was to advise the jury that he had been given documents which corroborated the testimony of the State's witnesses. He argues that defense counsel was placed in such position that if he did not use the documents to impeach the State's witnesses, the jury would infer that they corroborated their testimony. He relies on People v. Beard, 67 Ill App2d 83, 214 NE2d 577, and People v. Lowe, 84 Ill App2d 435, 228 NE2d 563. In Beard the defendant on three occasions out of the presence of the jury asked for prior statements and the court told him that such request had to be made in the presence of the jury. The defendant then received the statements in the presence of the jury and moved for a mistrial, which the court denied. Finally, the State's Attorney argued to the jury that the defendant was given prior statements of the witnesses and was unable to show any contradiction by them. In Lowe the State offered the defendant prior statements of a witness immediately after examination of the witness and told the jury exactly what it was giving him. Then in closing argument the State said that its witness had always told a consistent story and that copies of her previous statements had been given to the defendant and that he had not impeached the witness. In both cases the court held such conduct to be reversible error.

■ The instant case is clearly distinguishable. Here, defendant had accused the State, in the presence of the jury, of withholding prior statements made by the witness. In an effort to convince defense counsel that it had no such statements, the State, out of the presence of the jury, offered to turn over all police reports and Grand Jury statements to the defendant. Defendant's counsel apparently was satisfied and made no objection. When the State did offer the statements, in the presence of the jury, it could only appear that it was for the purpose of demonstrating to defense counsel that it had no prior statement of the witness in its possession. The jury did not know what statements were or were not included, so it could hardly speculate on whether or not they corroborated any of the State's witnesses. Moreover, the State did not argue the point to the jury. Under those circumstances, the defendant was not prejudiced and there was no reversible error. People v. Bickham, 91 Ill App2d 465, 235 NE2d 400.

■ Defendant's second contention is that the court violated his privilege against self-incrimination and the right to a fair trial when it ordered defense counsel during the State's cross-examination to turn over to the State the typewritten statement of a defense witness. He argues that the statement was privileged and was part of his work product. The statement involved was given to defense counsel in his office by a witness who later testified. After the witness replied on cross-examination that he had made a prior statement, the court ordered counsel to give the statement to the State so that it could use it for impeachment purposes. It is undisputed that no attorney-client relationship existed between the witness and defense counsel, so the statement clearly was not privileged. People v. Speck, 41 Ill 2d 177, 242 NE2d 208. It is equally clear that the statement was not part of the attorney's work product. Monier v. Chamberlain, 35 Ill2d 351, 221 NE2d 410.

89

Defendant further argues correctly that there is no provision in the Criminal Code which authorizes the court to order discovery from a criminal defendant. Indeed, the code makes no provision for the production of prior statements from *either* the State or the defense. Nevertheless, our Supreme Court has held that where no privilege exists and where the relevance and competency of a statement has been established, the trial judge shall order the document delivered directly to the accused for his inspection and use for impeachment purposes. People v. Wolff, 19 Ill2d 318, 167 NE2d 197.

Defendant cites no cases to support his contention that only the defense should have a right to prior statements for impeachment purposes. The truth is the objective sought by the courts. There is no sound reason, when no privilege is involved, why both the State and the defendant should not have an equal right to prior statements for impeachment purposes. We accordingly hold that the court in the instant case properly ordered defense counsel to submit to the State the prior statement of the witness in question.

The trial was fairly conducted, no error has been properly assigned and the judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.