459 P.2d 496

**STATE of Arizona, Appellee,**

v.

**Alfred GONZALES, Appellant.**

**No. 1968.**

Supreme Court of Arizona.

In Division.

Sept. 17, 1969.

————◆————

Gary K. Nelson, Atty. Gen., Phoenix, by Robert R. Bean, Pinal County Atty., Florence, for appellee.

Thomas E. Johnson, Jr., Eloy, Wood & Platt, by William E. Platt, Jr., Coolidge, for appellant.

LOCKWOOD, Vice Chief Justice:

Defendant Alfred Gonzales was convicted of rape in the first degree and sentenced to not less than ten nor more than twelve years. From this conviction and sentence defendant appeals.

During the course of the trial the prosecutor sought to introduce a confession taken from the defendant by one Lloyd Bramlett, an investigator for the Pinal County Sheriff's Department. On two separate occasions during the prosecutor's questioning of this witness, defendant's counsel approached the bench to request that the judge dismiss the jury and make a determination of the voluntariness of the confession. Although these conversations took place out of the hearing of the court reporter, an affidavit by the trial judge shows that he overruled defense counsel's objections on the ground that the prosecution could properly identify and lay the foundation for the written statement before excusing the jury. When defense counsel objected a third time, the judge dismissed the jury and held a voluntariness

hearing. As a result of this hearing the judge ruled the confession was not voluntary and, therefore, was inadmissible.

Defendant's sole contention is that the trial court committed reversible error in allowing the prosecution to lay before the jury the foundation for defendant's voluntary confession. Specifically, defendant complains that such procedure apprised the jury of the fact that defendant had given a statement confessing to the crime. Especially damaging from defendant's point of view were the facts that Bramlett mentioned that defendant had given him a "statement" and that the prosecutor had this statement marked by the Clerk of the Court and held it in his hand while he questioned Bramlett—all of these things transpiring in the presence of the jury.

The record contains the following portion of Bramlett's testimony on direct examination:

"Q. Well, later or during that day at any time did you have occasion to * * or let me ask you this: Where did you see him?

\* \* \* \* \* \*

"Q. Was it in the sheriff's office?

"A. In Florence, yes, sir.

\* \* \* \* \* \*

"Q. And was a statement taken from Mr. Gonzales?

"A. Yes, sir, it was."

After the jury was dismissed in order that the judge might determine the voluntariness of the statement, defense counsel made the following objection:

"Mr. Platt: I have an objection to make now that the jury is gone. I object to counsel waving this statement around here before it was identified or determined to be voluntary. I think this is prejudicial to the defendant * * *."

In Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the United States Supreme Court stated that no confessions should be placed before a jury until the trial judge had determined their voluntariness through a hearing held outside the presence of the jury. Although there are several Arizona decisions interpreting the rule of Jackson v. Denno, supra, we have not yet had occasion to pass on the narrow issue of whether references to a confession and exhibition of the document itself in the presence of the jury constitutes reversible error.

The rationale for the procedure required by Jackson v. Denno, supra, was cogently expressed by the Florida Supreme Court in the recent case of Brown v. State, Fla., 181 So.2d 578 (1965):

"* * * 'The purpose of the procedure of excluding a jury while determining the admissibility of a confession was and *is to prevent a jury from being prejudiced against an accused in the event it develops that a confession was not voluntarily obtained,* thus causing the court to have to grant a mistrial.'" (Emphasis added.) 181 So.2d at 580.

Although no portion of this purported confession was ever introduced, we believe that the foundational testimony of Bramlett that he took a statement from defendant, and the conduct of the prosecutor in exhibiting this statement in the presence of the jury while questioning Bramlett, violates the spirit if not the letter of Jackson v. Denno, supra. The reason for the rule is to remove an involuntary confession completely from the consideration of the jury. In short, if a confession is found to be involuntary, as this one was, it should have no place in the jury's deliberations. In view of the events that occurred in the instant case the jury could hardly have avoided taking into account that defendant confessed to the crime, even without the specific contents of this statement before them. In the recent case of People v. Lowe, 84 Ill.App.2d 435, 228 N.E.2d 563 (1967), the Illinois Appellate Court reached a similar conclusion and applied the language of Scripps v. Reilly, 38 Mich. 10:

"* * * 'Everything having a tendency to prejudice or influence a jury in their

deliberations which is not lawfully admissible in evidence on the trial of the cause should be, so far as possible, kept from coming to their knowledge during the trial. An impression once made upon the mind of a juror, no matter how, will have more or less influence upon him when he retires to deliberate upon the verdict to be given * * *.' " 228 N.E. 2d at 565.

The proper procedure in this situation is for the Court to determine the admissibility of defendant's confession before allowing the prosecutor to lay any part of the foundation for its introduction into evidence. The reverse procedure is not only improper, but is fraught with the possibilities of just the sort of prejudice to the defendant that the Jackson v. Denno procedure was designed to protect against. In the instant case the laying of the foundation resulted in placing before the jury facts that should have been excluded from their consideration.

Reversed and remanded.

STRUCKMEYER and HAYS, JJ., concur.