**People of the State of Illinois, Plaintiff-Appellee, v. David Olbrot, Defendant-Appellant.**

**Gen. No. 53,054.**

First District, First Division.

December 19, 1969.

Rehearing denied January 8, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (John R. McClory, Special Assistant State's Attorney, and Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

The defendant appeals from two convictions following a jury trial wherein the defendant was found guilty of aggravated battery, for which he was sentenced to serve three to five years, and of attempted murder, for which he was sentenced to fifteen to twenty years, the sentences to run concurrently. The evidence will not be summarized since the defendant has not raised any issue concerning the proof of his convictions. The sole issue raised by the defendant on this appeal is whether the defendant was denied a speedy trial in violation of chapter 38, section 103-5(a) and (d), Ill Rev Stats (1965).

The record discloses that the defendant was arrested on January 6, 1967, and that on February 2, 1967, five indictments were returned charging the defendant with armed robbery (67-375, 67-376, 67-379), aggravated battery (67-361) and attempted murder (67-378). The case with regard to all of the charges was continued by order of court on February 9, 1967, and February 15, 1967, with an arraignment that was conducted on February 16, 1967. At the conclusion of the arraignment, the case was assigned to another court, where an order was entered continuing the cause to March 1, 1967. The rec-

144

ord reveals that from the last mentioned date until May 22, 1967, there were seven more continuances entered by order of court, either for a specific date or that the case be held on call. The defendant made a motion for a continuance on May 22, 1967, which was granted to May 24, 1967. Furthermore, there followed a number of motions initiated by the defendant with regard to his defense counsel being changed and two petitions for a substitution of judges, which motions were allowed. Beginning on June 14, 1967, there were several continuances agreed to by the defendant. The record also discloses an order dated June 14, 1967, ordering a free transcript of trial proceedings for the defendant which trial was held during April and May of 1967. On September 15, 1967, the defendant filed a petition for an election asking for a confirmation as to the State's election to proceed on indictments 67–361 and 67–378, for aggravated battery and attempted murder. No order was entered on this petition for the record. Then, on November 10, 1967, the defendant filed a petition to dismiss the indictments and bar prosecution based on chapter 38, section 103–5, Ill Rev Stats (1965), for failure to bring the defendant to trial within the time specified.

■■ The Statute relied upon by defendant in his motion read in pertinent part as follows:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal.
>
> • • • • • •
>
> "(d) Every person not tried in accordance with subsection (a) . . . of this Section shall be discharged from custody or released from the obligations of his bail or recognizance."

According to the Committee Comments to this provision, the 120-day rule is to be considered as the method for enforcing the right of a speedy trial as expressed in Article II, section 9, of the Illinois Constitution. The Comments further state that a motion to dismiss under chapter 38, section 114–1, Ill Rev Stats, is the procedure for invoking this right. SHA, c 38, § 103–5, Committee Comments (1964).

In the instant case, the defendant asserted his right under this procedure, but the trial court denied his petition to dismiss on November 13, 1967. After several more continuances, the case was tried on indictments 67–361 and 67–378, which were consolidated for trial beginning on February 5, 1968.

Defendant contends that from the record it appears that from the defendant's arrest on January 6, 1967, to May 22, 1967, a period of more than 120 days, the State failed to provide him with a speedy trial as expressed in section 103–5 of the Code of Criminal Procedure, which has been set out above. The defendant argues that the motion to dismiss should have been granted because the record disclosed that defendant was not admitted to bail; that he was continuously confined for more than 120 days as to the indictments for aggravated battery and attempted murder; that no continuance was made on defendant's behalf and no delay was attributable to the State's inability to secure evidence and that the defendant made timely application for discharge.

The State does not contradict any of the factual contentions asserted by the defendant in support of his argument. However, the State does argue that the motion to dismiss was properly denied, since the State contends the defendant had waived his right to a speedy trial or alternatively the State argues that factually the defendant's right to a speedy trial was not denied because during his custody the defendant was involved in a trial on another indictment. Additionally, the State argues

that by virtue of an amendment to section 103–5, on August 11, 1967, the 120-day rule was tolled because of the trial of defendant on another indictment.

█ With regard to the State's first argument, it is contended that defendant waived his right to a speedy trial since defendant did not assert his right until his motion to dismiss on November 10, 1967, and that "no right to release existed, for that right had been waived by the affirmative acts of the defendant." In this regard the State cites People v. Morris, 3 Ill2d 437, 121 NE2d 810 (1954), where the Supreme Court summarized the law regarding a similar statute, at page 442:

> "It has been held that the right is not absolute in the sense that mere lapse of time operates to oust the court of jurisdiction and thus make a release of the accused mandatory. . . . Moreover, the right can be waived, and is waived where there is a failure to raise the question prior to conviction, or where the question is so raised but the accused withdraws his motion. . . . The right is also waived where the defendant seeks and obtains a continuance to a period beyond the four-month period within which he would otherwise be required to be tried, . . . and where the failure to try the defendant within the time prescribed is otherwise occasioned by the defendant himself. . . ."

The State also relies on the cases of People v. Rankins, 18 Ill2d 260, 163 NE2d 814 (1960) and People v. Walker, 100 Ill App2d 282, 241 NE2d 594 (1968). We find all of these cases factually distinguishable from the instant case. The record discloses that none of the delay was attributable to the defendant until May 22, 1967. The State erroneously argues that due to the delays caused by defendant after May 22, 1967, no right to release vested in defendant until filing his motion to dismiss on November 10, 1967. This contention is a mis-

interpretation of the statute and the procedure for invoking this right, in the face of the record which discloses a delay of more than 120 days upon the indictments in question.

 In the alternative, the State contends that a speedy trial was not denied defendant who was allegedly on trial "during April and May of 1967" on a different charge which resulted in a hung jury. Thus, the State argues that defendant has failed to show any prejudice that would justify his release by this court, relying upon the case of People v. Tetter, 42 Ill2d 569, 250 NE2d 433 (1969). In Tetter the Supreme Court held that an 18-month delay in bringing a defendant to trial where he had been admitted to bail and subsequently incarcerated by military authorities was not attributable to the fault of the State so as to conclude that the defendant had been denied a speedy trial. Although we find this case factually inapplicable, we are in agreement with the Supreme Court's statement at page 573 that:

> "[T]he four relevant factors for consideration of a claim of denial of the constitutional right to a speedy trial are length of delay, reason for the delay, prejudice to defendant, and his waiver of the right (United States v. Perez (7th cir, 1968), 398 F2d 658, 661). Those factors cannot be considered in isolation, but must be viewed in their totality. . . ."

The evidence shows that the delay was beyond the statutory requirements of section 103–5, that no reason is given for the delay except the other trial on a different charge (upon which the record is silent as to any severance of the indictments against this defendant, despite his petitions for an election), and evidence that no waiver was made by the defendant for the first 120-day period of his custody. We think the prejudice to the defendant is inherent from the record.

■ ■ The burden is upon the State to promptly try offenses where a defendant is within the jurisdiction. People v. Gray, 83 Ill App2d 262, 227 NE2d 159 (1967). Furthermore, although the mere lapse of time does not confer an absolute right to discharge, our courts have protected the right conferred by this statute from technical evasions. People v. Bagato, 27 Ill2d 165, 188 NE2d 716 (1963). We are of the opinion that the case of People v. House, 10 Ill2d 556, 141 NE2d 12 (1957), substantially refutes the contentions made by the State to the appellant's argument. In the House decision, the court refused to attribute any delay of trial to the defendant, where a number of continuances beyond the statutory period concerned an arraignment and orders of court without indicating any affirmative action by the defendant. Thus, the conviction was reversed and the defendant was ordered to be discharged.

■ ■ Finally, the State argues that the August 11, 1967 amendment to section 103–5 of the Criminal Code would operate to toll the 120-day period for this defendant. Subsection (e) of that provision deals with an individual held upon more than one charge and provides that if one is tried as to one offense, then an additional 120-day period will commence as to any remaining charge following the complete disposition of the first trial. The State contends that this amendment should be applied retroactively to the defendant in this case. Our research has failed to disclose any expression of legislative intent as to the application of this amendment, especially with regard to retroactivity. The law is that legislation cannot be given retrospective application in order to deprive one of a vested right. Hire v. Hrudicka, 379 Ill 201, 40 NE2d 63 (1942) ; Fourt v. DeLazzer, 348 Ill App 191, 108 NE2d 599 (1952). We are of the opinion that the statute, as in force on May 22, 1967, gave the defendant a vested right to demand his release from

custody due to the passage of more than 120 days from his arrest for the charges involved in this appeal.

For the reasons stated, we agree with the defendant's contentions and conclude that the judgment of the Circuit Court of Cook County must be reversed.

Judgment reversed.

MURPHY and BURMAN, JJ., concur.