THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS WEBB (Impleaded), Defendant-Appellant.

(No. 53725;

First District—January 27, 1971.

Gerald W. Getty, Public Defender, of Chicago, (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Laurence J. Bolon, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Thomas Webb and Levan Murray were indicted for the crimes of

theft and criminal trespass to vehicle. A jury found both Thomas Webb and Levan Murray guilty of theft of property in excess of $150.00 and guilty of criminal trespass to vehicle. Thomas Webb (hereinafter referred to as defendant) was sentenced to a term of four to six years in the penitentiary after a hearing in aggravation and mitigation. Defendant appeals his convictions on the grounds that (1) the improper conduct of the trial judge requires a new trial; (2) a jury instruction which directed a verdict for theft upon a finding of recent possession of a car was error; (3) the value of the vehicle was not proven to be in excess of $150.00; and (4) the motion to discharge should have been allowed since defendant was tried in violation of the 120 day rule.

We need only summarize the evidence in light of the issues defendant presents for review. On March 30, 1967, at 7 o'clock in the evening, Kenneth Halper parked and locked his auto, a 1961 Chevrolet, in front of his place of employment at 901 W. Monroe Street in Chicago. Mr. Halper then went to work. Seven hours later, around 2:00 A.M., at 322 W. 60th Place, also in Chicago, Oscar Norman observed two men sitting in a parked car. The two would slide down in the front seat of the auto when other cars would pass by. When the two men, Thomas Webb and Levan Murray, got out of the car and entered a building across the street, Norman contacted a private detective and then the police. The police found that the ignition switch of the auto had been pulled out and that a portable television, records, and personal clothing were located on the back seat. When the defendant and his companion came out of the house across the street they were placed under arrest after being pointed out by Mr. Norman. A search of defendant's companion revealed a tumbler switch for the 1961 Chevrolet. Later, sometime after 4:00 A.M., Kenneth Halper identified the car as his own.

The first issue presented for review is whether the conduct of the trial judge prejudiced the defendant. Defendant contends that the record shows a pattern of misconduct on the part of the trial judge in that he forced defense counsel to accept the Grand Jury minutes in the presence of the jury and engaged in continual outbursts of hostility against defense counsel. The defense claims the right to obtain Grand Jury minutes and police reports outside the presence of the jury. The record discloses that outside the presence of the jury defense counsel asked for the Grand Jury testimony of a police officer. Still outside the presence of the jury the trial court ordered the Grand Jury testimony to be given to defense counsel. The case proceeded back to trial although unknown to the trial judge the Grand Jury minutes had not as yet been tendered to defense counsel. In the presence of the jury defense counsel protested that he had not been provided with the documents he had requested. The trial

judge then ordered the State's Attorney to hand the documents over to defense counsel, which the State's Attorney did. The trial judge then allowed defense counsel time to review the Grand Jury minutes. Defendant contends this tender in the jury's presence violated his right to obtain these documents outside the jury's presence under the authority of *People v. Beard* (1966), 67 Ill. App.2d 83, 214 N.E.2d 577 and *People v. Lowe* (1967), 84 Ill.App.2d 435, 228 N.E.2d 563.

In *People v. Beard, supra,* defense counsel out of the presence of the jury requested the State to deliver any documents which the State's witnesses may have given to the State's Attorney or to the police prior to trial. At three points in the trial the court told the defense that such a request had to be made in the presence of the jury and overruled defendant's objections to such procedure. On each occasion the trial judge instigated the request by asking in the presence of the jury if the defendant wanted the statements. *Beard* is distinguishable from the instant case in that in *Beard* the trial court insisted that defense counsel could make a request for such documents only in the presence of the jury.

In *People v. Lowe, supra,* the State's Attorney asked the court reporter to mark the grand jury testimony and police report for identification, informed the jury as to the nature of the documents, and turned them over to defense counsel, all in the presence of the jury. In his closing argument, the State's Attorney contended that the testimony of the complaining witness was consistent with her Grand Jury testimony and that defense counsel had not been able to use any of the Grand Jury testimony for impeachment purposes. *Lowe* is distinguishable from the instant case in that in *Lowe* the State's Attorney on his own initiative presented the documents to the defendant in the presence of the jury and made prejudicial remarks concerning the documents in his closing argument.

■■ We reject defendant's first assignment of error. The record discloses that the initial request, subsequent argument and resultant order to transfer the documents took place in the presence of the court alone. Furthermore, defense counsel's protest in the presence of the jury invited the transfer of the documents in the presence of the jury. Defendant has shown neither the error of the trial judge as was apparent in *People v. Beard, supra,* nor the prejudicial conduct of the State's Attorney as required reversal in *People v. Lowe, supra.* We find that the transfer of documents under the circumstances heretobefore described did not prejudice the defendant.

Defendant's second contention is that the State's jury instruction No. 9 was improper since it directed a verdict for theft on a mere finding of recent possession. The instruction at issue is as follows:

"If you believe from the evidence beyond a reasonable doubt that the property described in the indictment, was stolen and shortly thereafter was in the exclusive possession of the defendants, such exclusive possession, if recent and unexplained, is sufficient evidence to warrant a conviction for theft. On the other hand, if you find from all the evidence that a reasonable doubt has been created in your minds, then you are to find the defendant not guilty."

■■■ Defendant insists that the above instruction precludes a finding of criminal trespass to vehicle without a concomitant finding of auto theft. Defendant further urges that under the instruction given there is no indication of requisite intent to permanently deprive the owner of his property. Defendant's argument overlooks the fact that the instruction requires possession of stolen property. This relates to the State's instruction No. 12 which sets out the requisite intent. Instructions must be considered as a whole. *People v. Juve* (1969), 106 Ill.App.2d 421, 427, 245 N.E.2d 293.

■■ Defendant places heavy reliance on *People v. Kubulis* (1921), 298 Ill. 523, 528, where a similar jury instruction was held improper in light of the evidence. In *Kubulis*, the evidence indicated that defendants possessed certain property 25 days after it had been stolen from a railroad freight car. The Illinois Supreme Court found that the "recent possession of stolen goods with no explanation" instruction was error since possession three or four weeks after the commission of the crime is not recent. Clearly, *Kubulis* is distinguishable on the facts from the case before us and for this reason we reject defendant's second contention. The instruction did not direct a verdict for theft.

■■ Defendant's third assignment of error is that the State failed to prove the value of the vehicle to be in excess of $150.00. In order to sustain a conviction of a felony the value of the property stolen must be shown to be in excess of $150.00. *People v. Kurtz* (1967), 37 Ill.2d 103, 224 N.E.2d 817. The only direct proof of value was the testimony of detective James W. Flavin, of the auto theft unit of the Chicago Police Department. In Flavin's opinion the fair cash market of the 1961 Chevrolet on March 31, 1967, was at least $200.00. While Officer Flavin cannot be characterized as an expert in pricing autos, he worked with autos on a daily basis and was properly allowed to give his opinion so as to establish the value of the auto to be over $150.00. We hold that the State met its burden of proof in establishing the value of the car to be in excess of $150.00.

Defendant's final contention is that his motion for discharge should have been allowed since he was not tried within 120 days. The facts are not in dispute. Defendant Webb was arrested on March 30, 1967

while free on bond under other charges. Webb was then released on bond and later taken into custody on June 28, 1967, pursuant to a warrant issued for his failure to show up in court. He was incarcerated until brought to trial on other charges on October 3, 1967. Defendant was not brought to trial on the charges for the instant conviction within 120 days from his incarceration on June 28, 1967, although there is no claim that the prosecution for the instant offenses violated a second 120 day period. Defendant made his motion to discharge on January 12, 1968, which the trial court denied.

The issue raised for review concerns the effect of the legislative amendment of August 11, 1967, to section 103—5 of the Criminal Code. Under the law prior to August 11, 1967, a man under more than one charge in a county was entitled to discharge on all charges if trial on all charges had not commenced within 120 days of his incarceration. At the time of the defendant's incarceration on June 28, 1967, Ill. Rev. Stat. ch. 38, par. 103—5 provided:

"(e) While any person is incarcerated in this State on sentence for any offense, if there is pending against him in the same county in which he was convicted one or more additional charges of another offense he shall be tried on such charge or charges within 120 days from the date of his incarceration or such untried causes shall be barred for want of prosecution unless delay is occasioned by the defendant * * *"

However, under the amendment of August 11, 1967, once a man is incarcerated and tried within 120 days the State has an additional 120 days to commence trial on any pending or remaining charges against the defendant. The amended Statute reads as follows:

"(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county * * * shall be tried * * * upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 120 days from the date on which judgment relative to the first charge thus prosecuted is rendered pursuant to Section 118—1 of this Act."

Defendant contends that the amended Statute has no application to the instant case unless the amendment is construed to be retroactive. In *People v. Olbrot* (1969), 118 Ill.App.2d 142, 149, 254 N.E.2d 849, we decided that the August 11, 1967 amendment to section 103—5 of the Criminal Code could not be given retrospective application. This does not dispose of the issue in this case as defendant contends. Our full holding in *Olbrot* was that the 1967 amendment to section 103—5 of the

Criminal Code could not be given retrospective application in order to deprive one of a vested right. We found that defendant Olbrot's right to demand his release from custody due to the passage of more than 120 days from his arrest vested not on the day Olbrot was arrested (January 6, 1967), but on the day he moved for a continuance (May 22, 1967), which is more than 120 days after his arrest.

■■ Applying the rule in *Olbrot* to the instant case, we find defendant Webb's right to release became vested only after the elapse of 120 days of incarceration thus demanding implementation of the law as it is written when the right is vested. In this case the defendant's right vested when the August 11, 1967 amendment was in force and as such the law allowed an additional 120 days to commence trial on the remaining charges since the defendant was brought to trial on a first charge within 120 days of his incarceration.

For the foregoing reasons we find that the trial court properly denied defendant's motion for discharge.

Judgment affirmed.

BURMAN and DIERINGER, JJ., concur.