THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ENRIQUE ZUNIGA, a/k/a RICHARD ZUNIGA, Defendant-Appellant.

(Nos. 52897, 53083 cons.;

First District—June 9, 1971.

*Rehearing denied June 30, 1971.*

Thomas J. Maloney and Richard H. Devine, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Arthur Belkind, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

Defendant, Enrique Zuniga, otherwise called Richard Zuniga, was indicted on charges of attempted murder and murder. At subsequent and separate jury trials, defendant was found guilty of both offenses and sentenced to respective terms of not less than five nor more than fifteen years and not less than forty nor more than seventy-five years in the Illinois State Penitentiary. Several errors are assigned and argued on appeal, but in the view we take of the case, our decision on the denial of

defendant's motion for discharge under the Four Term Act obviates the consideration of the other assigned errors.

The defendant was arrested on October 17, 1966. On October 21, 1966, in separate indictments, he was charged with attempted murder (Indictment No. 66-3361) and murder (Indictment No. 66-3360). The causes were ordered continued by the court until November 28, 1966. On November 7, 1966, on motion of counsel for the defendant, the court ordered that the causes be advanced from November 28, 1966, to November 7, 1966. Also on November 7, 1966, defense counsel filed a written petition for substitution of judges. The causes were transferred to the Honorable William S. White on the same date. Judge White then continued the causes to January 3, 1967, to February 14, 1967, and to February 17, 1967, by order of the court. The causes were held on call to February 20, 1967, by motion of the State and were continued to February 24, 1967, by motion of the State.

On February 24, 1967, on motion of the State's Attorney, the court ordered that leave be granted for the State to file a petition for an extension of time under the Four Term Act. In its petition, the State represented to the court that a material witness, Evaristo Noriega, was visiting Mexico and would return to Chicago during the first week of April, 1967. The State petitioned the court to extend the time under which the Four Term Act would apply for a period of sixty-days pursuant to Chapter 38, Section 103 (5) (c) of the Illinois Revised Statutes (1965). The court granted the State's petition, extended the time under the Four Term Act from March 10, 1967, to April 12, 1967, and continued the causes to April 10, 1967. On April 10, 1967, the State made a motion to consolidate both indictments, which motion was objected to by the defendant. The court denied the State's motion. On the same date, jury selection began in the attempted murder case. The defendant stood trial in the attempted murder case until April 20, 1967, when he was convicted. Also, on April 10, 1967, defense counsel moved that defendant be discharged in the attempted murder case under the Four Term Act. Said motion was denied. The court then continued the murder case by motion of the State to April 12, 1967.

On April 12, 1967, the State filed a petition in the murder case for an extension of time under the Four Term Act for the full 60 days based on its petition of February 24, 1967. The court granted the State's motion, extended time from March 6, 1967 to May 4, 1967, and ordered the cause held on call until April 24, 1967. On April 24, 1967, the murder case was continued to April 27, 1967 by order of the court. On April 27, 1967, defendant filed a motion to dismiss the murder indictment under the Four Term Act. Said motion was denied. After several subsequent contin-

uances jury selection in the murder case began on September 25, 1967. The defendant stood trial until October 3, 1967, when he was convicted of murder.

Defendant contends he was entitled to discharge in both the attempt case and the murder case for the failure of the State to provide him a speedy trial within the statutory 120 day rule. (Ill. Rev. Stat. 1965, ch. 38, par. 103—5). Chapter 38, Section 103—5 implements the constitutional right of an accused to a speedy trial in this State. We shall examine defendant's contentions regarding the attempt case and the murder case separately.

In the attempt case, over 120 days elapsed between October 17, 1966, the date of defendant's arrest and March 6, 1967, the date on which the State admits the defendant would be entitled to a discharge. Prosecution and defense agree that November 7, 1966, is a critical date to focus on. Defendant contends that his written petition for a substitution of judges on November 7, 1966, was filed before any set trial date and did not cause a delay. The State argues that defendant's November 7 petition, a motion for a change of venue, tolled the running of the Statute and cites *People v. Rankins* (1960), 18 Ill.2d 260, 163 N.E.2d 814 and *People v. DeStefano* (1967), 85 Ill.App.2d 274, 284, 229 N.E.2d 325 for support. In *People v. Rankins, supra,* our Supreme Court found that defendant Rankins occasioned delay which tolled the Statute when he requested and received a continuance and then, one day before the expiration of the Four Term Statute, procured a change of venue. In *People v. DeStefano, supra,* this court found that defendant DeStefano occasioned delay which tolled the Statute when he *successfully* requested a change of venue after his cause had already been called for trial.

■■ In the instant case, defendant Zuniga filed his motion for a change of venue before the cause was on call for trial and long before any trial date had been set. Also, immediately prior to defendant's petition for a substitution of judges on November 7, defendant successfully moved that the cause be advanced from November 28, 1966, to November 7, 1966. Rather than cause delay, defendant advanced the cause to November 7 and made his petition for a change of venue before any set trial date. We find that defendant's written petition for a substitution of judges does not constitute a "delay * * * occasioned by the defendant" under Illinois Revised Statutes 1965, Chapter 38, Section 103—5, since it did not occur "at a time when the cause was on call for trial." (*People v. Iasello* (1951), 410 Ill. 252, 255, 102 N.E.2d 138.) The trial court erred in not discharging the defendant in the attempted murder case.

■■ In the murder case, defendant's right to a discharge under the Four Term Statute is even more apparent. The 1965 Criminal Code

which governs this case does not include a specific provision for the speedy trial of "dual indictments." The 1967 Criminal Code contains provisions which allow the State to try the defendant on the second indictment 120 days after the conclusion of the first proceeding. The 1969 Criminal Code lengthens this period to 160 days. The State suggests that the 1965 Criminal Code affords the prosecution "a reasonable time", to bring the defendant to trial on the second indictment. This position is without merit. As we stated in *People v. Webb* (1971), 131 Ill.App.2d 206, 268 N.E.2d 161, 164, under the law prior to August 11, 1967, a man charged with two indictments must be tried under both within four terms or be discharged from the alleged offense or offenses not tried within the set statutory time. The 1965 Statute does not allow the prosecution "a reasonable time", however long that might be, to try the defendant on a second indictment.

■■ The defendant correctly points out that the trial court on April 12, 1967, was without jurisdiction to extend the cause further. On February 24, 1967, the State received an extension of time under the Four Term Act to procure a witness, Evaristo Noriega, for both causes. On April 12, 1967, the State received an extension of time under the Four Term Act to procure the same witness for the murder case. Meanwhile, on April 12, 1967, Evaristo Noriega was testifying in the attempt case since he returned from Mexico on April 6, 1967. The reason for the State's request for an extension of time on April 12, 1967, no longer existed as witness Noriega had already been procured. The State did not comply with the Chapter 38, Paragraph 103—5 (c) requirement of having "exercised without success due diligence to obtain evidence material to the case" since witness Noriega had been obtained with success prior to April 12, 1967. The trial court erred in allowing the State's petition for an extension of time under Chapter 38, Section 103—5 (c).

We cannot allow the State to circumvent the requirement of the Criminal Code to try the defendant on both indictments within 120 days by allowing the State an extension of time to procure a witness who has already been procured. Petitioner is discharged under both charges.

Judgments reversed.

BURMAN and DIERINGER, JJ., concur.